J. W. CHRISTIAN V. J. C. AUSTIN.

1. A vendor's lien is not waived by the taking of the vendee's promissory note for the purchase-money of the land sold.

2. If a vendor of land accepts from the vendee the notes of third parties, with the vendee's indorsement of them, this, it seems, does not waive the vendor's lien, especially if the makers of the notes were insolvent at the date of the indorsement. (The case of Insall v. Robson, 16 Texas, 128, quoted with approval.)

3. It is assigned for error that the court below refused to give to the jury certain special instructions asked by the appellant. But the charge given to the jury is not brought up in the transcript, and this court is therefore unable to determine whether it was error to refuse the appellant's instructions.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The facts of the case, so far as they are involved in the rulings of this court, are sufficiently stated in the opinion.

*S. B. Maxey* and *W. M. Walton*, for the appellant.

*Throckmorton & Brown*, and *Hancock & West*, for the appellee.

WALKER, J. In 1859 the appellee sold to the appellant's intestate five hundred and sixty acres of land, in Fannin county, at ten dollars per acre, and obligated himself to make a deed within sixty days. Part of the purchase-money was paid in cash ; and for a part the notes herein sued upon were indorsed by Christian to Austin. The makers of the notes resided in Tennessee, and it appears to have been a part of the contract that Austin, the indorsee, should go to Tennessee and make due effort to collect the notes, and this he appears to have done.

As is shown by the statement of facts, suits were brought upon the notes in the spring of 1861, but, under the practice

of the courts in Tennessee, judgment could not be obtained at the appearance term, and before the trial term came around the courts were suspended by the civil war, and did not resume their functions until the fall of 1865, when judgments were obtained and executions issued, but they were returned not satisfied, and the evidence shows conclusively that the makers of the notes were insolvent; if not at the time the suits were brought, they, at least, were so when judgments were rendered.

This suit was brought at the March term, 1866, since which time Christian has died, and the action is defended by his administrator.

The appellee claims the vendor's lien, and the jury found in his favor on the notes, and also found that the lien had not been waived. The appellant urges that the estate of Christian is released from liability on the notes by reason of the negligence of the indorsee, and insists that the vendor's lien was waived.

We are not prepared to hold that under the state of facts presented in this case, the law will presume a waiver of the vendor's lien. The taking of a note from the vendee for the purchase-money does not operate a waiver of the lien; nor do we think the taking the notes of other parties, indorsed by the vendee, can operate a waiver of the lien, especially if the makers of the notes are insolvent at the date of the indorsement.

The appellant refers us to Raymond v. Holmes, 11 Texas Reports; Smith v. Harbert, 30 Texas Reports, 670; Hoffman v. Cage, 31 Texas Reports, 601; and the indorsement cases, 31 Texas, 693; with many other cases, none of which, we conceive, have any distinct bearing upon this case; but we believe the case of Insall v. Robson, 16 Texas, 128, is authority in this case. In this case Mr. Justice Wheeler remarks: "If the in-" solvency of the maker will dispense with the necessity of "suing him at all, in order to hold the indorser liable, it, of "course, must dispense with the necessity of suing him to the "first term of the court. It is the suing of the maker which "fixes the liability of the indorser under the statute; and "where that is unnecessary, it cannot be necessary to sue the

---

---

" indorser himself to the first term, in order to fix his liability.
" The diligence prescribed by the statute, as a substitute for
" that required by the law merchant, is the suing of the maker,
" not the indorser.   The statute does not require that the in-
" dorser shall be sued to the first term of the court.

" The fact of the maker's insolvency renders the indorser
" liable at once; and .if his liability is fixed so that he may be
" sued in the first instance without suing the maker, the omis-
" sion to sue to the first term is an indulgence to him of which
" he cannot complain."

There are numerous assignments of error, none of which we
think require the reversal of the judgment.

The charge of the court is not in the record, and we are there-
fore unable to determine whether it was or was not error to
refuse the special charge asked by the defendant.

A more particular notice of the assignments of error is
deemed unnecessary.

The judgment of the District Court is affirmed.

                                                Affirmed.