CORA A. POOL V. E. H. CHASE & CO. ET AL.

1. FRAUD—SEPARATE ACKNOWLEDGMENT OF MARRIED WOMEN.— A married woman cannot avoid a deed to which her separate acknowledgment appears to have been taken by a competent officer, in the terms of the law, on account of the deception and fraud practiced on her by her husband in procuring her signature; or the failure of the officer to acquaint her with the contents of the instrument, in the absence of evidence tending to charge those claiming under the deed with notice.

2. PAROL EVIDENCE.—Parol evidence is admissible, to show that the articles enumerated in a receipt given by the agent of the creditor were never, in fact, delivered to the agent, and this, though the instrument on its face specified that the articles are " hereby turned over and delivered " to the agent.

APPEAL from Anderson. Tried below before the Hon. M. H. Bonner.

This suit was instituted by Cora A. Pool for two purposes:

1st. To set aside a deed of trust executed by appellant and her husband to E. H. Chase & Co., to secure the payment of three promissory notes, payable to Chase & Co., due in two, four, and six months after date, and dated 3d October, 1873, upon the ground that the deed of trust purports to bind the separate property of appellant to pay the debts of her husband; that said deed of trust was procured by the fraud of her husband; that the instrument was represented to her to be a mortgage for one thousand acres of land by her husband; that the officer who took her acknowledgment did not, in fact, explain the contents of the deed to her, she having stated to him, to save any explanation by the officer, that she understood the contents of the deed, when, in fact, she did not know its contents, supposing it to be a mortgage for one thousand acres only, when it was a mortgage on her whole league of land, less three hundred acres, and that she was thus deceived by her husband.

2d. That her husband, after the execution of said mortgage on her land, executed his chattel mortgage on eighteen barrels of whisky to E. H. Chase & Co., through their agent, A. G. Chantley, to secure the payment of the three notes, for the payment of which her land had been mortgaged; that said agent had disposed of said whisky, and had failed and refused to account for the value of the same; appellant prayed that E. H. Chase & Co. be compelled to account for the value of said whisky, and that a credit be allowed for the same on said three promissory notes. A writ of injunction was obtained, restraining the trustee, J. H. Reagan, from selling the land.

Appellees filed a motion to dissolve the injunction in the court below, which was sustained; appellant was permitted to amend her bill, and was allowed a hearing on the merits of the bill as amended. The amended bill alleged, that E. H. Chase & Co. and their agents combined and conspired with her husband to defraud her in the procuring of said

mortgage on her separate property, and that J. M. Law, the officer who took her acknowledgment, was intoxicated at the time, and was the agent of appellees in the taking of her acknowledgment.

Appellant admitted that the mortgage deed and the certificate of authentication of her privy examination and acknowledgment were all in due form of law, but contended that the instrument was void for fraud in procuring it. There appears to have been no evidence on the trial in the court below, tending to connect appellees with fraud in procuring the deed of trust.

The following instrument was in evidence on the trial:

"STATE OF TEXAS,  
*County of Anderson.*

"I, James L. Pool, desiring to more fully secure the payment of three notes of $805.99 each, due and payable to E. H. Chase & Co., Louisville, Kentucky, due in three, four, and six months from date, the same being in the hands of Gaston & Thomas, of Dallas, for collection, and which notes were given for a bill of whiskies purchased by me in September, 1873, from said E. H. Chase & Co., I hereby turn over and deliver to A. G. Chantley, agent for E. H. Chase & Co., the following described whiskies, being the same purchased of said Chase & Co., as follows: (here follows their description;) which said whiskies are branded E. H. Chase & Co. The said whiskies, when sold, are to be applied to the payment of the above notes. The said E. H. Chase & Co. are to be at no expense in storage, drayage &c., nor responsible for leakage, or damages of any kind. This 20th day of November, 1873.

"(Signed.)                          J. L. POOL."

Indorsed as follows: "I accept the above for the purposes above expressed—day and date above written.  
(Signed)   A. G. CHANTLEY, agent for E. H. Chase & Co."

Chantley testified that he received no benefit from the whisky; that it was shipped to Shreveport for J. L. Pool,

and was then taken charge of by him and his agents, and that neither Chase & Co. nor the witness were to have any benefit from the whisky after its arrival at Shreveport.

The jury returned the following verdict: "We, the jury, find for E. H. Chase & Co., principal and interest, $2,637.71." Judgment accordingly.

Twelve grounds for a new trial were stated in the motion filed, most of which were referred to in the assignment of errors; a statement of none of them is necessary to a proper understanding of the opinion.

*T. T. Gammage,* for appellant, cited Brown *v.* Horless, 22 Tex., 645; Haldeman *v.* Chambers, 19 Tex., 39; Swisher *v.* Grumbles, 18 Tex., 177.

*Greenwood & Gooch,* for appellees.

GOULD, ASSOCIATE JUSTICE.—There was no evidence whatever tending to charge appellees, or their agents, with notice of either the deception and fraud, alleged to have been practiced on the plaintiff by her husband, or the alleged intoxication of the officer who took her separate acknowledgment, and his failure to read over and explain to her the deed of trust. In the absence of such evidence the certificate of the officer is conclusive of the facts therein stated. (Hartley *v.* Frosh, 6 Tex., 208; Williams *v.* Baker, 71 Penn. St. Rep., 482; Louden *v.* Blythe, 4 Harr., 532.)

The court did not err in ruling that, notwithstanding the admission in evidence of the instrument of date November 20, 1873, it was competent for appellees to show that the property which that instrument purported to turn over to appellees, for the purpose of securing or paying their claim, was never in fact received by them, but was appropriated by the husband of plaintiff. This instrument, at most, amounted to no more than a receipt, and whilst treating it as a receipt it was *prima facie* evidence of a payment; it was, like other

Syllabus.

receipts, open to explanation or contradiction by parol testimony. (Stachely *v.* Peirce, 28 Tex., 335.)

The question as to whether the plaintiff was entitled to the credit was fairly submitted to the jury, and the evidence was certainly sufficient to support their verdict disallowing the credit. The purport of the evidence is, that this instrument was a mere device, with which in fact appellees had no connection.

The assignment that the judgment does not follow the verdict, and is not authorized by the pleadings, is not well taken. The plaintiff claimed that she was entitled to a credit, and the verdict fixes the amount due on the notes, without allowing the credit claimed. So much of the verdict and judgment as refers to J. L. Pool, the plaintiff's husband, may be treated as surplusage, and certainly constitutes no ground of complaint by appellant. No moneyed judgment is rendered save for costs. The legal effect of the verdict and judgment is simply that the plaintiff is not entitled to relief against the enforcement of the deed of trust, and to ascertain, as she had sought to do, the amount of the debt for which the property conveyed in the deed of trust was liable to be sold.

No error is perceived in the judgment, and it is affirmed.

AFFIRMED.