COUNCIL BLUFFS SAVINGS BANK, APPELLEE, V. LIZZIE M. SMITH ET AL., APPELLANTS.

FILED OCTOBER 5, 1899. No. 8,974.

1. **Homestead: MORTGAGE: ACKNOWLEDGMENT.** The homestead of a married person can not be incumbered by a mortgage which is not acknowledged by both the husband and the wife.

2. **Acknowledgment: CERTIFICATE OF OFFICER: IMPEACHMENT.** The certificate of an officer having authority to take acknowledgments can not be impeached by showing merely that such officer's duty was irregularly performed.

3. ———: ———. When the party executing a deed or mortgage knows that he is before an officer having authority to take acknowledgments, and intends to do whatever is necessary to make the instrument effective, the acknowledging officer's official certificate will be, in the absence of fraud, conclusive in favor of those who in good faith rely on it.

APPEAL from the district court of Madison county. Heard below before ROBINSON, J. *Affirmed.*

*W. E. Reed,* for appellants.

*S. O. Campbell, James Nichols* and *Powers & Hays, contra.*

SULLIVAN, J.

This is an appeal from a judgment of the district court foreclosing two real estate mortgages. One of the ap-

pellants is the wife of J. M. Smith, and the other is the wife of Albert V. Smith. J. M. and Albert V. were engaged in mercantile business in the city of Madison under the firm name of Smith Bros. They became indebted in the sum of $1,646.40 to the firm of Groneweg & Schoentgen, of Council Bluffs, Iowa; and on February 12, 1895, being requested to pay or secure the claim, promised, if their wives would join them, to execute mortgages on their respective homesteads. Thereupon negotiable notes representing the indebtedness were signed by the Smiths and two mortgages to secure the same were made out. Each mortgage covered the family homestead of one of the parties. The instruments were handed to S. O. Campbell, a notary public, who called next day on the appellants to secure their signatures and acknowledgments. It is conceded that appellants signed the mortgages when presented to them by the notary, but it is denied that there was any formal acknowledgment of either instrument. The evidence is somewhat conflicting, but the trial court was justified in finding, and we presume did find, that each of the appellants executed the mortgage on her homestead voluntarily, with knowledge of Campbell's official character, understanding the purpose for which he was present, and realizing fully the probable consequence of her act. That the plaintiff, the Council Bluffs Savings Bank, purchased the notes in good faith, before maturity, and became the assignee and owner of the mortgages was expressly admitted on the trial. It is claimed, and is doubtless true, that the appellants yielded reluctant consent to the giving of the mortgages; and it is possible that one of them was induced to consent because she believed her husband's statement that the creditors would take the property any way. But however that may be, the fact remains that in the end the execution of each of the mortgages was a deliberate and voluntary act, the performance of which is authenticated in the manner required by law. About this there is no dispute. The action is not defended on the theory that the mortgages were made

and delivered under circumstances that would render them ineffective regardless of the homestead character of the mortgaged property.

The contention of appellants, as we understand it, is that there was in fact no conventional acknowledgment of the mortgages (no assent in legal form to the validity of the instruments), and that they are, therefore, void under the provisions of section 4, chapter 36, Compiled Statutes, 1897, which declares: "The homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." It must, we think, be conceded that the evidence, if competent, is sufficient to show that neither of the appellants declared in terms to the notary that the execution of the mortgage was her voluntary act and deed. The circumstances seemed to indicate that the formality was altogether superfluous and might with propriety be waived. The conduct of the parties, and what they said at the time they executed the instruments, so clearly denoted their purpose that it naturally appeared to them and to the notary that a formal characterization of their acts was unnecessary. There is no pretense that the notary acted in bad faith, or that there was any artifice in his failure to observe the customary practice in taking acknowledgments. Undoubtedly all parties to the transaction did what was believed to be necessary to make the mortgages valid liens upon the property therein described. The attempt to repudiate them is the result of an afterthought. On the established facts it is quite clear that the notary's certificates can not be impeached and that the evidence offered to dispute the recitals of fact therein contained must be rejected. The general rule is that the certificate of an officer having authority to take acknowledgements can not be overthrown by showing that his duty was irregularly performed. He is the person designated by the statute to certify to the due execution of deeds, mortgages and other instruments affect-

ing the title to real property, and his official certificate, in regular form, is, in the absence of fraud, conclusive in favor of those who in good faith rely upon it. Any other rule would work incalculable mischief. It would open wide the door to fraud and perjury, and make recorded acknowledgments a snare to persons dealing with land on the faith and credit of the public records. See *Banning v. Banning*, 80 Cal., 271; *Lowell v. Wren*, 80 Ill., 238; *Louden v. Blythe*, 16 Pa. St., 532; *Rollins v. Menager*, 22 W. Va., 461; *Baldwin v. Snowden*, 11 O. St., 203; *Moore v. Fuller*, 6 Ore., 272; *Tichenor v. Yankey*, 89 Ky., 508; *Johnston v. Wallace*, 53 Miss., 331; *Pool v. Chase*, 46 Tex., 207; *Jinwright v. Nelson*, 105 Ala., 399. "For reasons of public policy, and to protect innocent purchasers," say the supreme court of West Virginia, "it has been uniformly held that when a married woman appears before a justice of the peace for the purpose of acknowledging a deed, and does in some manner attempt to do what the law requires to be done, the certificate is conclusive of the facts therein stated as regards innocent purchasers. See *Pickens v. Knisely*, 29 W. Va., 1. In Jones on Mortgages, section 500, the rule is stated as follows: "As to statements of fact contained in a certificate of acknowledgment which is regular in form, such, for instance, as the fact that the grantor appeared, and acknowledged the execution of the instrument, they can only be impeached for fraud. Evidence which is merely in contradiction of the facts certified to will not be received." The question has been before this court in several cases. In *Pereau v. Frederick*, 17 Nebr., 117, it was held that "a certificate of acknowledgment of a deed or mortgage is *prima facie* correct and cannot be impeached except for fraud, collusion or imposition." In *Phillips v. Bishop*, 35 Nebr., 487, it is said that the formal attestation of an acknowledging officer can be overthrown "only by clear, convincing, and satisfactory proof that the certificate is false and fraudulent." To the same effect is *Barker v. Avery*, 36 Nebr., 599. It appearing in this case that there was what may be considered an irregular ac-

knowledgment, that the notary acted in good faith, and that the appellants intended by signing the mortgages in his presence to make them valid liens upon their home-steads, the conclusion is unavoidable that the judgment of the district court is right and must be

AFFIRMED.