JOHN DAVIS, APPELLEE, v. LUTHER L. THOMAS ET AL., APPELLANTS.

FILED OCTOBER 22, 1902. No. 11,788.

Commissioner's opinion, Department No. 1.

1. Estoppel: HOMESTEAD: INCUMBRANCE: SIGNATURE: ACKNOWLEDGMENT. Estoppel can not supply the statutory requirements of signature and acknowledgment to the incumbrance of a homestead where these are wanting.

2. **Mortgage:** SECURITY: DISCHARGE: RELEASE. A mortgage secures the indebtedness for which it is given, and is discharged only by a release or the payment of that indebtedness.

3. ——: ——: ——: ——: RENEWAL NOTE. Evidence in this case, where a part payment had been made, and a new note taken for the remainder, and the old note surrendered, but the mortgage, which was still unrecorded, retained, *held* to sustain a finding that the mortgage debt was not paid and that the mortgage remained a security for the amount of the renewal note.

APPEAL from the district court for Douglas county. Heard below before DICKINSON, J. *Affirmed.*

*John W. Battin,* for appellants.

*O'Neill & Gilbert, contra.*

HASTINGS, C.

This is an appeal from a decree of foreclosure of the Douglas county district court. The mortgage bore date September 30, 1892, and was given to secure a promissory note for $2,000, of that date, due on demand, with interest at 8 per cent. per annum, payable semiannually. In 1894 $1,500 was paid, the note surrendered and a new note given for $500. The mortgage was not filed for record until December 16, 1898. The mortgagor, Thomas, and the mortgagee, Ford, were, when the mortgage was given, partners in the shoe business. The $500 note was renewed from time to time till November 12, 1898, the day the partnership was dissolved, when a new note was taken in the following terms:

" 30.90
 592.00
 ———
$622.90
                    "OMAHA, NEB., Nov. 12, 1898.

"July 1, 1899, after date, for value received, we promise to pay to Charles E. Ford, of Omaha, Neb., or order, Five Hundred & Ninety-two Dollars, negotiable and payable at

the Union National Bank, of Omaha, Nebraska, with interest from date, payable annually, at the rate of eight per cent. per annum. Being in renewal of the unpaid balance due on our note of Sep. 30, 1892 for $2,000.

"I, Lulu M. Thomas contract with reference to my separate estate, and with the intention of charging and binding the same with this obligation.     LUTHER L. THOMAS.
  "No. 591.           .           LULU M. THOMAS."

Indorsed: "Demand, notice and protest waived. Payment guaranteed with exchange.     CHAS. E. FORD."

It is claimed on behalf of the appellants, defendants below, that the surrender of the $2,000 note in 1894 raised a presumption of its payment; that the mortgage was a mere incident to the debt, and is extinguished if the debt is paid; that the taking of a new note is a payment, if it is so understood and intended by the parties at the time; that whether or not it was so understood is to be determined from the circumstances surrounding the transaction. Appellants also claim that the property mortgaged was the homestead of the mortgagors; that it could not be incumbered except by an instrument acknowledged by both husband and wife; and that no instrument incumbering the property for the payment of the renewal note of 1898 has ever been acknowledged. The appellants allege that the words, "Being in renewal of the unpaid balance due on our note of September 30, 1892, for $2,000," were written in the note by Ford without any direction by the mortgagors and without any agreement therefor; that this note for $592 was in payment of a renewal of the $500 note above mentioned, and no mortgage was ever executed, acknowledged or delivered securing the payment of this note of $592, on which this action is based. In substance, therefore, the claim of appellants, as stated by appellee in his brief, is that the decree of the district court foreclosing the mortgage for the amount of the $592 note should be reversed—First, because the original $2,000 note had been paid; second, because there was never any acknowledg-

ment of any mortgage securing the $592 note on the homestead of appellants.

The latter proposition seems somewhat superfluous, if the first is true. If the debt secured by the original mortgage had been paid, then that mortgage was extinguished, and the action of the district court in foreclosing must be reversed. If, on the other hand, that is still a valid conveyance and secures an unpaid balance represented by the $592 note of 1898, then the action of the trial court in foreclosing it was right. The question of homestead is relevant only to the matter of a renewal. The principal question seems to be whether or not the transactions of 1894 were a payment and discharge of the original $2,000 mortgage. Whether or not they were seems to depend entirely upon the intention of the parties at the time, and that intention is to be gathered from all of the facts and circumstances as they occurred. The circumstances in the case as disclosed by the record do not seem to be entirely conclusive either way as to an intention to discharge the original mortgage, and do not necessarily indicate the existence or non-existence of an understanding that it was paid. In the absence of such an understanding, it must be considered that merely giving a new note for the indebtedness does not discharge it. *The Kimball,** 3 Wall. [U. S.], 37, 45, 18 L. Ed., 50; 1 Jones, Mortgages, sec. 924. It is not denied, however, that the old note was given up; and this, by itself, is a very strong circumstance to indicate an intention at the time that the original mortgage should be deemed discharged, as it was merely given in terms to secure the payment of that note. To be sure, the mortgage provided, as is usual in such instruments, that if said sum of money, or any part thereof or any interest thereon, is not paid when due, the mortgage shall become absolute; and the instrument may be fairly considered as having been intended to secure

---

* This case was the one on which the attorneys for the county relied largely to establish their theory that there was no payment by certificates of deposit in *Cedar County v. Jenal,* 14 Nebr., 254. The authority was discovered by Mr. Schorroge.—W. F. B.

the payment of the $2,000 indebtedness, evidenced by the $2,000 note. The mortgagors do not deny the signing of the note, which recites that it is for the unpaid portion of the original note of $2,000 and interest. They say, merely, that this provision in the note was "written therein by the said Chas. E. Ford without any direction thereto by the defendants or either of them, and without any agreement therefor," and that they did not notice it at the time of signing the note.

It is claimed by the appellee that this admission binds the defendants in any event, because the plaintiff's claim is that of a bona-fide purchaser of the note of $592 before its maturity; that as such purchaser he had a right to rely upon the recitals contained in it and upon the mortgage which, under this recital, would be security for it. As against this contention, doubtless, the claim of the defendants that the property is a homestead, and that if the original note had once been paid off, it could only be incumbered by some means authorized by statute, would be available. If the original mortgage is to be deemed paid, it seems impossible to avoid the conclusion that any attempt to renew it and give it fresh life by means of a recital in the joint note of the mortgagors, would be, so long as the premises covered by it are conceded to be a family homestead, unavailing. Therefore, we think the sole question in the case is whether or not, under the evidence adduced, the original mortgage is to be considered as having been paid. The only function of the recital in the note is that of a solemn admission that the original mortgage has not been paid. The holding of this court in the case of *Betts v. Sims,* 25 Nebr., 166, is to the effect that it does not matter how fully, a finding of the district court, that an estoppel was shown against the homestead claim of the plaintiff, is supported by proof, such a showing could not supply the signature and acknowledgment of the wife to the deed. If the original and only mortgage in this case has been discharged, and the holding in the *Betts-Sims Case* that no estoppel can supply the lack of statutory re-

quirements is adhered to, then it remains only to dismiss the petition for a foreclosure.

The evidence on this question of payment of the mortgage is simply what has been recited. The money was loaned in 1892 on a demand note and mortgage bearing 8 per cent. interest per annum. This note was really carried by the bank where the payee worked as cashier. In 1894 it became urgent for its money and the mortgagors raised $1,500 and paid it on the principal. They seem to have kept the interest paid. The old note was surrendered and a new one taken for $500, which was renewed from time to time. The mortgage has not been recorded. Mr. Ford, the payee, says because he was interested in the shoe business of L. L. Thomas & Co. and wanted to maintain the credit of the firm. In November, 1898, the firm was dissolved by Thomas buying Ford's interest. In December following Ford first put the mortgage on record. Thomas and his attorney at once visited the recorder's office and found there the original mortgage, with some pencil indorsements in Ford's handwriting, as follows: "Apr. 13, '94 $500. Jul. 16, '94 1,500. T. & Co." The following June, just before the maturity of the note, it was sold, with Ford's guaranty of payment, to plaintiff, for $620 and the mortgage, with the indorsements erased, went with it. Ford admits the making of the indorsements, but says he did it just before putting the mortgage on record; that, the note having been in the Union National Bank at the time of the payments, he went down to the bank to ascertain what the bank books showed, and, having no other paper there on which to make memoranda, copied the bank entries on the back of the mortgage, and subsequently erased them before selling the paper to Davis. He says the bank's books showed a payment of $1,500 in July, 1894, because he then took up the note and himself made the payment. Mrs. Thomas says that a few days after the $1,500 payment and the giving of the first $500 note, Mr. Ford came into the store and she asked him for the mortgage, and he informed her it was worthless, and said he

had destroyed it. Ford denied the conversation, and says the mortgage was never discussed at all between them. Thomas says he was present, but did not hear the conversation; his wife told him about it after Ford left. Of course, the trial court having found for the plaintiff, his version of the facts must be taken. At the hearing in this court it seems to be conceded that there was evidence to support a finding that there had been no payment of the entire $2,000. Manifestly it would be hard to maintain anything different, in the face of this instrument, signed by both of these parties, expressly reciting that the $592 note is for an unpaid balance on the $2,000 debt, and their admission that the original loan has never otherwise been paid.

As we have tried to show, the recital of the consideration is not conclusive, nor, as against the family homestead, even in the hands of an innocent holder for value, does it constitute an estoppel; but it is evidence and in connection with the retention of the mortgage by Ford, seems sufficient to sustain the court's finding that the new note was not a payment of the old one, though the latter was given up. Nothing but payment or a formal release will discharge a mortgage. The existence of a lien securing the original loan, furnishes a presumption that any renewal was not a discharge of the original, where the renewal is not secured. *The Kimball*, 3 Wall. [U. S.], 37, 46; citing *Butts v. Dean*, 2 Met. [Mass.], 76, and *Page v. Hubbard*, 1 Spr. [U. S. D. C. (Admiralty)], 335, 338; Jones, Mortgages, sec. 925.

It is recommended that the decree of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.