**DYSON et al. v. DYSART et al.** (No. 2120.)

(Court of Civil Appeals of Texas. Amarillo. April 11, 1923. Rehearing Denied May 9, 1923.)

Vendor and purchaser ⬤⟿266(6)—Indorsement and delivery of notes in payment for land preclude assertion of implied vendor's lien.

Notes indorsed by a purchaser and delivered to vendor in payment for land constitute such independent security as precludes the assertion of an implied vendor's lien, in the absence of proof of other facts showing an intention to retain it.

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Action by R. C. Dysart and others against A. H. Dyson and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Reynolds & Reynolds, of Wheeler, and C. C. Small, of Wellington, for appellants.

Coffee & Holmes, of Miami, for appellees.

BOYCE, J. This suit was brought by R. C. Dysart and others on a promissory note for $1,300, executed by C. E. Oswalt and others, payable to A. H. Dyson and by him indorsed and delivered to the plaintiffs. It was alleged that the note was transferred by Dyson to plaintiffs, in payment, to the extent of $1,200, for certain real estate conveyed by the said Dysart to Dyson, and it was claimed that such facts created a lien, and plaintiff sought foreclosure thereof, on the property so conveyed. Judgment on trial without a jury was rendered for the plaintiff on the note with foreclosure of the lien as prayed for on finding of the court that the facts created an equitable vendor's lien on such property. The only question in the case is whether plaintiffs were entitled to the lien.

The facts are: Plaintiffs owned the real estate, holding title to the same in the name of R. C. Dysart; A. H. Dyson offered to buy this property at a price of $1,200, provided the plaintiffs could "use" this $1,300 note held by him. The plaintiffs made some investigation as to the responsibility of the signers of this note and agreed to this proposition, provided that Dyson would indorse the note without qualification, which he did. Dysart conveyed the property to Dyson for a recited cash consideration of $1,200, and plaintiffs paid to Dyson the difference between the amount of the note and the agreed price of the property. Nothing was said in the negotiations about a vendor's lien on the property, and it is evident that none of the parties thought that a lien against the property would result from the transaction. A. H. Dyson afterwards conveyed the property to H.

---

F. Dyson, but there is no question of innocent purchaser in the case.

The Supreme Court, in the case of Faver v. Robinson, 46 Tex. 207, said:

"When the vendee 'takes a distinct and independent security, either of property or of the responsibility of third persons,' he will be considered to have waived the lien which equity infers from the sale on credit, unless it appears that he reposed as well upon the lien as upon such security."

The court, in the case of Flanagann v. Cushman, 48 Tex. 244, said that the law might be stated more accurately in this language:

"Where other security than the land is contracted for, equity does not infer that the vendor is entitled to a different and additional security from that stipulated for."

In the case of Parker County v. Sewell, 24 Tex. 328, and Faver v. Robinson, 46 Tex. 207, the purchaser gave his note, with other signers thereto, in part payment for land, and it was held that there would be no implied lien against the land, in the absence of a further showing of intention to retain the lien. In the case of Cresap v. Manor, 63 Tex. 486, the vendor took, in part payment for land, notes executed by third persons, payable to the purchaser and indorsed by him without qualification, and it was held that such fact created a presumption of waiver of the lien. There were these points of difference in the facts of that case and of this: (1) The notes in that case were themselves secured by a vendor's lien on other land; (2) the purchaser of the land in question had refused to buy it if it was to be incumbered by a vendor's lien, "the vendor saying nothing as to whether he waived or reserved the lien." The first point of difference is not material because such fact merely showed an added security of property to the personal responsibility of third persons, which alone was sufficient to overcome the presumption in favor of the vendor's lien.

The second point of difference was given importance in the opinion only as showing that there was no action indicating an "understanding between the parties that the lien was to be retained." The decision was clearly based on the conclusion that the notes of third parties, indorsed by the purchaser and delivered to the vendor in payment for the land, constituted such independent security as would preclude the assertion of an implied vendor's lien, in the absence of proof of other facts that would show an intention to retain the lien. There are two cases (Christian v. Austin, 36 Tex. 540, and Knight v. McReynolds, 37 Tex. 204), that directly sustain appellee's position. We cannot reconcile these with Cresap v. Manor, Parker County v. Sewell, and Faver v. Robinson. These two cases cite no authority in support of their holding, and we have not found that they have ever been cited by any of the decisions of this state. On the other hand, Parker County v. Sewell, Faver v. Robinson, and Cresap v. Manor, supra, have been repeatedly cited with approval and are in accord with general principles announced by text-book writers and decisions of other courts. Flanagan v. Cushman, 48 Tex. 241; Willis v. Gay, 48 Tex. 469, 26 Am. Rep. 328; Wilcox v. Bank, 93 Tex. 322, 55 S. W. 317; Conover v Warren, 1 Gilman (Ill.) 498, 41 Am. Dec. 196; Pomeroy's Equity Jurisprudence (4th Ed.) § 1252; R. C. L. vol. 27, p. 576, § 320. The case of Conover v. Warren, supra, is directly in point.

Under the facts shown at the trial, we think that the lien should have been denied, and judgment will be rendered accordingly.