A. F. KEHR, REAL AND TRUE NAME, ALBERT F. KEHR, REVIVED IN NAME OF ROBERT KEHR, EXECUTOR OF THE ESTATE OF A. F. KEHR, DECEASED, ET AL., APPELLEES, V. HERB BLOMENKAMP ET AL., APPELLEES, IMPLEADED WITH UNIVERSAL SURETY COMPANY, A CORPORATION, APPELLANT.

106 N. W. 2d 179

Filed November 25, 1960. No. 34838.

*Firmin Q. Feltz,* for appellant.

*McGinley, Lane, Shanahan & McGinley,* for appellees Kehr.

*A. Paul Johnson,* for appellee Melville Inv. Co.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action, as originally instituted, was one by A. F. Kehr, real and true name, Albert F. Kehr, plaintiff, against Herb Blomenkamp and L. Marguerite Blomenkamp, husband and wife, Universal Surety Company, a corporation, and J. H. Melville Lumber Company, a corporation, defendants, to foreclose a mortgage on certain real estate given on February 16, 1955, by the defendants Blomenkamp to the plaintiff to secure the payment of a promissory note of even date therewith for $15,000 on which there was a balance due which was represented and evidenced by a promissory note in the amount of $8,000, given by the defendants Blomenkamp to the plaintiff as of June 1, 1956.

J. H. Melville Lumber Company, a corporation, was made a party defendant by reason of the fact that the defendants Blomenkamp had given to it a mortgage on the same real estate on November 14, 1956. This mortgage was assigned to Melville Investment Company, a partnership, thus causing the partnership to become a substitute defendant.

Universal Surety Company, a corporation, was made a party defendant by reason of the fact that the defendants Blomenkamp had given to it a mortgage on the same real estate on December 3, 1956.

The Universal Surety Company filed an answer and cross-petition. By the answer it denied the validity of the mortgage which the plaintiff sought to foreclose. By the cross-petition it denied the validity of the mortgage of the Melville Investment Company, repeated its

denial of the validity of the plaintiff's mortgage, and sought a foreclosure of its own mortgage as a first lien on the real estate. There is much more contained in these pleadings but for reasons which will become apparent a further statement thereof is not of importance herein.

The Melville Investment Company filed an amended answer and cross-petition, a statement of the contents of which is not required herein except that in them it is contended that the lien of its mortgage has priority over the mortgage of Universal Surety Company.

The case was tried to the court and a decree was rendered foreclosing the mortgage in accordance with the prayer of the plaintiff. The mortgage of the plaintiff was adjudged a first lien; the mortgage of the Melville Investment Company, a second lien; and the mortgage of the Universal Surety Company, a third lien.

A motion for new trial was duly filed by defendant Universal Surety Company. This motion was overruled but before that was done revivor in the names of Robert Kehr, executor of the estate of A. F. Kehr, deceased, May Kehr, Robert Kehr, Ruth Gile, Stella May Fritzler, and Mildred Williams, heirs at law of A. F. Kehr, plaintiffs, was ordered on account of the fact that A. F. Kehr, the original plaintiff, had died.

An appeal was duly taken from the decree and the order overruling the motion for new trial by the defendant Universal Surety Company, which will hereinafter be referred to as the appellant. The Melville Investment Company did not appeal and of course is here as an appellee. The defendants Blomenkamp did not appeal and they have made no appearance in this court. It is also true that they made no appearance in the case in the district court.

The brief of the appellant contains assignments of numerous grounds on which it contends it is entitled to have the decree of the district court reversed. On a determination of one of these depends the question of

whether or not the others require consideration herein. That one is as follows: "The court erred in finding that plaintiff had a first lien on real estate involved herein."

The court adopted the theory of the plaintiff and in effect found and decreed that the mortgage given to the plaintiff by the defendants Blomenkamp on February 16, 1955, to secure the $15,000 note of even date thereof remained as security for the note for $8,000 given as of June 1, 1956, and as such was a first lien on the real estate. The further effect of the theory was that the note for $8,000 was a renewal note for the balance due on the other note, in consequence of which the obligation and security of the mortgage remained in full force and effect.

The appellant on the other hand contends that the note for $8,000 was a new obligation and transaction which was not secured by the mortgage.

The principles of law on which this question must be determined were stated early in the decisions of this state. There has been no departure from the early statements. In Davis v. Thomas, 66 Neb. 26, 92 N. W. 187, it was said: "Nothing but payment or a formal release will discharge a mortgage. The existence of a lien securing the original loan, furnishes a presumption that any renewal was not a discharge of the original, where the renewal is not secured."

This principle was approved in Auld v. Walker, 107 Neb. 676, 186 N. W. 1008. The following was also said in this case: "The taking of a new note for an existing note is a renewal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt."

In Berwyn State Bank v. Swanson, 111 Neb. 141, 196 N. W. 125, these principles were approved in the following words: "But, whatever the rule may be in other jurisdictions, it is well settled in this state that— 'The taking of a new note for an existing note is a re-

newal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt.'" See, also, City Nat. Bank v. Denslow, 114 Neb. 600, 209 N. W. 254; Mettlen v. Sandoz, 131 Neb. 625, 269 N. W. 98.

By what was said in these cases it is clear that the specific agreement that a new note will extinguish the original debt must be one between the parties to the transaction.

In the record before this court there is no evidence either direct or circumstantial in proof of a specific agreement between the plaintiff and the defendants Blomenkamp that the note for $8,000 should or would extinguish the original debt.

This lack of evidence renders applicable and controlling in this case the unvaried rule that the existence of a lien securing an original loan furnishes a presumption that any renewal was not a discharge of the original where the renewal is not secured, the effect of which is to say that the contention of the appellant that the mortgage was released is presumptively without merit. This coupled with the absence of any evidence of a specific agreement that the note for $8,000 extinguished the original debt makes it clear that the contention of the appellant that the decree of the district court was erroneous is without merit.

While it does not appear necessary to go further on the question of whether or not the parties to the $15,000 note and mortgage and the $8,000 note regarded and treated the transaction as to the $8,000 as a renewal, it appears expedient to refer to the evidence relating thereto. This evidence in its entirety in purport and effect negatives any intent of the parties to extinguish the original debt and supports the position that the $8,000 was in renewal of the obligation of the other note.

In answer to a set of interrogatories submitted by the plaintiff to the defendants Blomenkamp it was stated in

substance that it was the intention that the mortgage should remain as security for the $8,000 note.

The note for $15,000 was introduced as evidence. On its back appeared in the handwriting of L. Marguerite Blomenkamp the following: "Nov. 15, 1955—$7000.00 June 1956 Renewal note $8000.00." Below this appeared the following: "Paid June 4, 1956 A. F. Kehr." The answer of the defendants Blomenkamp to an interrogatory is that these endorsements were placed on the back of the note the day that the plaintiff marked payment.

In response to a letter written to the defendant Herb Blomenkamp it was stated that the $7,000 was paid on November 15, 1955, and a renewal note for $8,000 was given on June 1, 1956.

There is no competent evidence to the contrary. There is an affidavit in the record made by the attorney for the appellant the pertinent gist of which is a deduction and conclusion of the affiant that the endorsement on the back of the note made by L. Marguerite Blomenkamp was made after the $8,000 note was executed and after the $15,000 note had been returned, whereas the only evidence in the record is that it was made at the same time.

Whether or not what the defendants said as to the time of the endorsements is true may not be regarded of any controlling importance. It cannot in anywise be evidence to overcome the presumption that a renewal was intended or as evidence in proof of a specific agree-ment between the parties that the new note extinguished the original debt.

The assignment of error quoted herein is without merit. This conclusion renders unnecessary a consideration of the other assignments. The decree of foreclosure and the allocation of priority of liens was correct. The mortgage of the appellant is by its terms subject to that of the plaintiff and of the Melville Investment Company. On its face and as a part thereof

it is stated that it is "subject to prior mortgages of record." The other two are prior mortgages of record. The judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.