J. PAUL MCINTOSH ET AL., APPELLEES AND CROSS-APPELLANTS, v. OTTO J. BORCHERS ET AL., APPELLANTS AND CROSS-APPELLEES.

266 N. W. 2d 200

Filed May 24, 1978. No. 41399.

Vincent J. Kirby, for appellants.

William E. Holland of Kutak Rock Cohen Campbell Garfinkle & Woodward, for appellees.

Heard before SPENCER, McCOWN, CLINTON, and BRODKEY, JJ., and COADY, District Judge.

COADY, District Judge.

This argument first came to the attention of this court in McIntosh v. Borchers, 196 Neb. 109, 241 N. W. 2d 534 (1976), when it was held that an unacknowledged contract for the sale of certain real estate was invalid and unenforceable under section 40-104, R. R. S. 1943. The cause was remanded for further proceedings on plaintiffs' claims for restitution and damages. That opinion sets out the facts in detail.

Plaintiffs, being husband and wife, attempted to purchase an 160-acre farm which was the homestead of the defendants who were also husband and wife. The written contract was dated January 26, 1974, and the plaintiffs took possession on or about March 1, 1974. Some of the ground was fertilized, planted to corn, and tilled and harvested in the fall. During that summer, plaintiffs attempted to improve the farm by removing fences, removing trees and brush, leveling land, laying a natural gasline, finding and digging an irrigation well, and installing a center pivot irrigation system. In December of that year, they again fertilized. Before February 12, 1975, the parties became aware of the homestead laws. At that time, the defendants sold the same farm and homestead to Freudenburg and Reeves, also defendants herein and hereinafter referred to as the "other defendants" in this opinion. This second contract was acknowledged and the other defendants farmed the place in 1975. Plaintiffs sold that part of the center pivot system which was not considered real estate to the other defendants in that same year.

The matter of restitution and damages went to trial by jury. At the same time, the trial judge directed that plaintiffs were entitled to a refund of the payments made under the terms of the 1974 contract. The trial court also dismissed Freudenburg and Reeves as parties to the law suit. Upon inspection of the verdict form returned by the jury and the written instructions given, we can state that the jury awarded plaintiffs $8,140 for return of payments made, awarded plaintiffs $25,000 for the enhancement of defendants' farm because of improvements made, and awarded defendants $11,000 as the 1975 crop year rental.

The defendants have appealed from that part of the jury verdict finding for the plaintiffs in the sum of $25,000. The plaintiffs have cross-appealed from that portion awarding $11,000 to defendants and the trial court's decision to dismiss Freudenburg and Reeves from and out of the law suit.

The defendants insist that plaintiffs are not entitled to restitution or damages and have taken the position that plaintiffs cannot claim the benefits of the Occupying Claimants Act, section 76-301, R. R. S. 1943. We do not decide whether that act applies to this case because the case was tried and submitted to the jury on another theory. In no way would the Occupying Claimants Act improve upon or affect the jury's decision.

In a similar case, this court has already held that there is a right to recover for improvements to the extent that they enhance the value of the property at the time possession is surrendered even when the plaintiff has no right to claim the benefits of the Occupying Claimants Act. Wlaschin v. Affleck, 167 Neb. 403, 93 N. W. 2d 186 (1958). Causes of action relying on principles of unjust enrichment and quasi-contract do exist in this state. Ladenburger v. Platte Valley Bank of North Bend, 180 Neb. 167, 141 N. W. 2d 766 (1966); Bush v. Kramer, 185 Neb. 1, 173

N. W. 2d 367 (1969); Clark & Enersen, Hamersky, S.,
B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810,
235 N. W. 2d 870 (1975).

Without a finding that the other defendants,
Freudenburg and Reeves, benefited from the im-
provements placed by plaintiffs on the property and
because it was neither alleged nor proved that the
other defendants committed or participated in any
fraud, misrepresentation, or other wrongful conduct,
an action against the other defendants does not lie
on a theory of restitution and unjust enrichment.
Haggard Drilling, Inc. v. Greene, 195 Neb. 136, 236
N. W. 2d 841 (1975). Because plaintiffs have never
requested the initiation of procedures set forth in the
Occupying Claimants Act and, in particular, section
76-303, R. R. S. 1943, we again decline to consider
that act or order a new trial so that a lien might be
placed upon the premises.

Having disposed of the confusion raised by the
above-mentioned issues or suggestions, the conten-
tions remaining are rather routine. Each of the fol-
lowing paragraphs will discuss a single issue.

Defendants insist that the court should have re-
quired the jury to find that the plaintiffs made the
improvements in good faith. Upon inspection of the
record, we find no evidence of bad faith on the part
of plaintiffs in any way. All the parties herein were
equally aware or unaware of the law.

Defendants contend that the court should have de-
fined the word improvements as meaning lasting
and permanent. They also object to the receipt in
evidence of the cost of applied fertilizer over rather
general objections. We assume such costs were of-
fered to prove necessary and reasonable rental ex-
pense and costs of operations. The defendants did
not submit a specific instruction in regard to the re-
lationship of applied fertilizer and improvements.

Defendants argue that the evidence received did
not and could not justify a verdict for $25,000 en-

hanced value. The court instructed the jury that plaintiffs had to prove that the improvements contributed by plaintiffs increased the fair and reasonable market value of defendants' land and the amount of the increase, if any. Mr. Borchers, seller-defendant herein, testified that the improvements decreased the overall value of the land. A realtor testified that the value was increased by more than $300 an acre. There was other evidence within those limits.

In the same vein, plaintiffs complain that the evidence will not support the jury's verdict of $11,000 as the 1975 rental value. While we agree that the rental award is at the very most upper limit of the evidence, we will not interfere with the verdict of the jury in this case. In Kennedy v. Department of Roads & Irrigation, 150 Neb. 727, 35 N. W. 2d 781 (1949), and in many other cases, we have held that when the evidence is conflicting, the verdict of a jury will not be set aside unless it is clearly wrong.

AFFIRMED.