GERALD R. CHRISTENSEN, APPELLANT, V. RICHARD A. ARANT ET AL., APPELLEES.

358 N.W.2d 200

Filed November 9, 1984.   No. 83-590.

Eric W. Kruger of Bradford & Coenen, for appellant.

Robert G. Decker, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The defendants, Richard A. Arant and Eunice Arant, husband and wife, own a residence property located at 5016 Nicholas Street in Omaha, Nebraska. On January 7, 1983, the plaintiff, Gerald R. Christensen, made a written offer on a printed uniform purchase agreement form to purchase the

property from the defendants for $50,000 "net" to the sellers. This offer was submitted to the defendants by their agent, David Osborne, and accepted by them on January 10, 1983. The defendants signed the written acceptance form printed on the document. Sometime later, the agent, who was a notary public, signed the certificate form of acknowledgment printed on the document and affixed his seal.

The contract called for closing and delivery of possession on February 1, 1983. The defendant sellers notified Osborne on February 8, 1983, that they did not intend to perform the contract and discharged him as their agent. The plaintiff commenced this action for specific performance on February 16, 1983. On March 7, 1983, the defendants entered into a contract with a different purchaser for a sale of the property for $64,000.

The trial court found generally for the plaintiff and ordered specific performance. The defendants then filed a motion for new trial, which was sustained by the trial court. The plaintiff has appealed from the order granting a new trial.

This is a proceeding in equity, and the review in this court is de novo on the record. Although the parties have submitted the matter as if the question were whether the order granting a new trial was erroneous, the issue is whether the plaintiff was entitled to specific performance. If the trial court believed the judgment was erroneous, the judgment should have been vacated and a new judgment entered refusing specific performance. There was no basis for granting a new trial.

The principal issue involves the acknowledgment of the contract and whether the contract is unenforceable because of irregularity in the acknowledgment of the contract.

The defendants alleged, and the uncontradicted evidence shows, that the subject property was the homestead of the defendants.

Neb. Rev. Stat. § 40-104 (Reissue 1978) provides in relevant part: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife . . . ."

With respect to execution of the contract, the record shows

that the defendants' agent, Osborne, visited the defendants at their home on January 10, 1983, to submit the offer from the plaintiff. The defendants and Osborne discussed the sale around the dining room table for approximately 25 minutes. Mrs. Arant then went into a bedroom across a hallway and approximately 4 to 7 feet from the dining room to nurse a baby. She testified that the bedroom door was closed, but it is unclear as to whether she was able to continue in conversation with her husband and Osborne. Mr. Arant signed the contract in front of Osborne and then took the contract into the bedroom for Mrs. Arant to sign. She then signed the contract, fully intending to convey the property. Sometime later, Osborne completed the acknowledgment form printed on the contract and affixed his seal. The record shows that Osborne had previously represented the sellers in real estate transactions, and at least Mr. Arant was aware that Osborne was a notary public.

It is well established that "a contract to convey the homestead of a married person is absolutely void and unenforceable unless validly executed and acknowledged by both husband and wife." *Trowbridge v. Bisson*, 153 Neb. 389, 390-91, 44 N.W.2d 810, 812 (1950); *O'Neill Production Credit Assn. v. Mitchell*, 209 Neb. 206, 307 N.W.2d 115 (1981). In *Trowbridge* an acknowledgment was defined by the court as " '[t]he act by which a party who has executed an instrument of conveyance as grantor goes before a competent officer or court, and declares or acknowledges the same as his genuine and voluntary act and deed.' " (Citations omitted.) 153 Neb. at 391, 44 N.W.2d at 812. The general rule was then stated that

if the party executing such an instrument knows that he is before an officer having authority to take acknowledgments, understands that such officer is present for the purpose of taking his acknowledgment, intends to then do whatever is necessary to make the instrument effective, and the acknowledging officer's official certificate is attached thereto, then such acknowledgment, in the absence of fraud, will be conclusive in favor of those who in good faith rely upon it. Council Bluffs Savings Bank v. Smith, 59 Neb. 90, 80 N.W. 270, 80 Am. S.R. 669; Fisher v. Standard

Investment Co., 145 Neb. 80, 15 N.W.2d 355.
153 Neb. at 391, 44 N.W.2d at 812. However, the court continued that

> where the grantor has never appeared before the officer for the purpose of acknowledging the instrument as aforesaid, and it was never in fact acknowledged, a certificate of acknowledgment is not conclusive of the facts recited therein, and evidence showing its invalidity for such reason is admissible even against a bona fide holder.

*Id.*

In *O'Neill Production Credit Assn., supra,* only the husband appeared before the notary. The wife's signature was not affixed to the document at the time the notary certified that all parties concerned had appeared before him; the wife, however, testified that she had voluntarily and freely signed the document. In holding the mortgage void as to the homestead interest, we said:

> It has long been the law of this state that where the statutory requirements of signature and acknowledgment by both husband and wife to encumbrance of a homestead are wanting, they cannot be supplied by estoppel. *Davis v. Thomas,* 66 Neb. 26, 92 N.W. 187 (1902); *Betts v. Sims,* 25 Neb. 166, 41 N.W 117 (1888). See, also, *McIntosh v. Borchers,* 196 Neb. 109, 241 N.W.2d 534 (1976), *appeal after remand,* 201 Neb. 35, 266 N.W.2d 200 (1978). We see no reason to depart from that rule. *An interest in the homestead simply will not pass nor be created unless the documents for that purpose are signed and acknowledged by both husband and wife.*

(Emphasis supplied.) 209 Neb. at 211, 307 N.W.2d at 119.

The record in this case shows clearly that Mrs. Arant did not sign the contract before the notary public, Osborne, who completed the certificate of acknowledgment. Thus, the contract was void under § 40-104 and the plaintiff could not obtain specific performance.

It is unnecessary to consider the other assignments of error.

The order granting a new trial is reversed and the cause remanded with directions to enter a judgment dismissing the

petition.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

BOSLAUGH, J., dissenting.

It seems to me that the decision in this case is a triumph of form over substance.

A defective acknowledgment may be cured by a reacknowledgment. See, 1 C.J.S. *Acknowledgments* § 115 (1936); 1 Am. Jur. 2d *Acknowledgments* § 110 (1962).

The testimony of the defendants, under oath in open court, established that the execution of the contract was their voluntary act and deed and that they intended it to be effective as a conveyance of their property. They admitted that they were not under duress or the influence of drugs or alcohol.

Their testimony was a reacknowledgment of the contract and cured any prior error or irregularity in the acknowledgment of the contract.