MARY BUTLER, APPELLANT, V. MARY E. SECRIST ET AL.,
APPELLEES.

FILED APRIL 13, 1909.   No. 15,362.

1. **Trial:** CONSOLIDATION OF SUITS. A court of equity has inherent
   power to consolidate suits for the purposes of trial.

2. **Appeal:** DISCRETION OF COURT. An order overruling a motion by
   plaintiff to consolidate cases for trial will not be reversed on
   appeal, except for an abuse of discretion.

APPEAL from the district court for Knox county:
JOHN F. BOYD, JUDGE. *Reversed.*

*M. F. Harrington* and *W. R. Butler,* for appellant.

*J. F. Greene* and *W. A. Meserve, contra.*

ROSE, J.

This is a suit in equity to redeem 80 acres of land in
Knox county from the lien of a mortgage. The real estate
in controversy is part of the 800-acre tract involved in the
foreclosure proceedings described in *Butler v. Smith, ante,*
p. 78. The issues and facts are substantially the same in
both cases, except that the defendants are different and
claim title to separate parts of the original tract. From
a decree dismissing her action plaintiff appeals.

Plaintiff brought a separate suit in ejectment for each
piece of land. Afterwards by amendment of her peti-
tion she changed the actions to suits to redeem. In the
amended form the purpose of the litigation was to redeem
two separate pieces of land in possession of different de-
fendants from the lien of a single mortgage. In this
condition of the controversy plaintiff moved the court to
consolidate the actions. The motion was overruled, and
the ruling is assigned as error. Section 150 of the code
permits the consolidation of actions on motion of the
defendant, but makes no reference to such procedure on
behalf of the plaintiff, who is the party having the right

to choose the form of action, name the defendants, and amend the petition, or dimiss the suit and pursue a different remedy. A court of equity, however, in absence of statute, has inherent power in regulating its procedure to unite suits for trial, and, where such practice is not authorized by statute, an order allowing or denying consolidation should not be reversed on appeal, except for a palpable abuse of discretion. 8 Cyc. 592, 593. The records in the present cases do not show such an abuse of discretion as to require a reversal on that ground, but, for the errors pointed out in the opinion in the preceding case, the judgment below in this case is reversed and the cause remanded for further proceedings.

REVERSED.