Securities Acceptance Corporation, a Deleware Corporation, et al., Appellants, v. Robert M. Brown, Appellee.

107 N. W. 2d 540

Filed February 17, 1961. No. 34832.

*Matthews, Kelley & Stone* and *Baskins & Baskins*, for appellants.

*McGinley, Lane, Shanahan & McGinley*, for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Wenke, Spencer, and Boslaugh, JJ.

Wenke, J.

Appellants, in their motion for rehearing, contend this court erred in holding the provisions of paragraphs V, VI, and VII of the parties' contract of employment unenforcible because the contract does not contain a provision limiting the area in which such restrictions are to apply. These three paragraphs are set out in full in our original opinion. Appellants base their contention on the claim that at common law one of the implied terms of a contract of employment is that the employee, after he has left his employment, is under an implied obligation not to use or disclose to others any trade secrets or other confidential information which

he has acquired in the course of his employment to the detriment of his former employer and that such implied obligation is neither limited as to time nor area except as the parties may do so by their contract of employment.

This contention was not presented to this court when the cause was originally presented for our consideration and, because of that fact, would not ordinarily be considered when presented for the first time on a motion for rehearing. However, because of the fact that our opinion, as now written, could be misleading in this respect, we think it desirable to file a supplemental opinion for the purpose of clarification.

Insofar as paragraphs V, VI, and VII of the parties' agreement relate to trade secrets or confidential information, we think the principle hereinafter stated is applicable and our opinion, insofar as we held these provisions were "unenforcible because there is no limitation on area" was in error. The principle above referred to is stated in 165 A. L. R. at page 1454, under the annotation of "Employee-Confidential Information" as follows: "* * * one of the implied terms of a contract of employment is that the employee will hold sacred any trade secrets or other confidential information which he acquires in the course of his employment, and that therefore an employee who has left his employment is under an implied obligation not to use trade secrets or other confidential information which he has acquired in the course of his employment, for his own benefit or that of a rival, and to the detriment of his former employer." See, also, Junker v. Plummer, 320 Mass. 76, 67 N. E. 2d 667, 165 A. L. R. 1449; Byrne v. Barrett, 268 N. Y. 199, 197 N. E. 217, 100 A. L. R. 680; Westervelt v. National Paper & Supply Co., 154 Ind. 673, 57 N. E. 552; H. B. Wiggins Sons' Co. v. Cott-A-Lap Co., 169 F. 150; Witkop & Holmes Co. v. Boyce, 61 Misc. 126, 112 N. Y. S. 874, 131 App. Div. 922, 115 N. Y. S. 1150; Robb v. Green (1895), 2 Q. B. D. 1, affirmed in

2 Q. B. D. 315. It should, of course, be understood that the parties can contractually provide to limit this common law duty, which the parties did here as to time.

If the above common law duty has been violated then injunction would be available. See, 35 Am. Jur., Master & Servant, § 100, p. 529; Annotation, 165 A. L. R. 1457, Employee-Confidential Information; Grand Union Tea Co. v. Dodds, 164 Mich. 50, 128 N. W. 1090, 31 L. R. A. N. S. 260; Westervelt v. National Paper & Supply Co., *supra;* Witkop & Holmes Co. v. Boyce, *supra;* Robb v. Green, *supra.*

What relief, if any, should be granted depends upon the facts and circumstances of each case. We do not think, from the evidence here adduced, that any injunctive relief is proper. We think what the court said in H. B. Wiggins Sons' Co. v. Cott-A-Lap Co., *supra,* is here applicable. Therein the court said: "If the injunction issues, it means that hereafter no man can work for one and learn his business secrets, and after leaving that employment engage himself to a rival in business, without carrying on his back into that business the injunctive mandate of a court of equity. There is nothing whatever in the facts of this case, except opportunity to do wrong and a suspicion in the mind of the rival that wrong will be done. The remedy asked for is an extraordinary one, and should not be lightly indulged in. The chancellor ought never to come into such a frame of mind that he assumes human nature to be essentially and inherently evil. Furthermore, the danger of irreparable injury is not manifest."

The other contention raised in appellants' motion for rehearing is without merit. With the foregoing clarification we adhere to our original opinion and overrule appellants' motion for rehearing.

FORMER OPINION CLARIFIED.
MOTION FOR REHEARING OVERRULED.