HERBERT C. COE, EXECUTOR OF THE ESTATE OF LELAH MILDRED COE, ALSO KNOWN AS MILDRED COE, DECEASED, APPELLEE, V. JOHN A. COVERT, DOING BUSINESS AS DREW'S ANTIQUES AND ART OBJECTS, APPELLANT, AND JACK DREW, APPELLEE.

332 N.W.2d 699

Filed April 21, 1983. No. 82-177.

Thomas P. Leary, for appellant.

William Jay Riley and Nick R. Taylor of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee Coe.

BOSLAUGH, McCOWN, and HASTINGS, JJ., and BRODKEY, J., Retired, and GARDEN, D.J.

McCOWN, J.

The plaintiff executor filed this proceeding seeking

to recover personal property of a decedent's estate which had been sold and delivered to the defendant Covert. The District Court sustained plaintiff's motion for summary judgment, enjoined the defendant from selling or transferring the property involved, directed that it be returned to plaintiff, and ordered plaintiff to return to defendant defendant's check representing funds paid for the property. The court retained other issues as to additional property for trial. The defendant Covert has appealed.

Lelah Mildred Coe, a resident of South Dakota, died testate on March 17, 1981. On April 29, 1981, the decedent's will was duly admitted to probate in the Circuit Court of Tripp County, South Dakota, and plaintiff, Herbert C. Coe, was duly appointed executor of his mother's estate. Plaintiff is the sole heir under his mother's will. The will was not contested and the time for filing claims against the estate expired on May 25, 1981, and no claims were filed.

On May 19, 1981, the defendants Covert and Drew traveled to Winner, South Dakota, at the invitation of plaintiff, and purchased some antiques that had belonged to the decedent, Lelah Coe. The defendants were aware that the antiques had belonged to the plaintiff's mother and that she had died in March 1981. The record indicates that plaintiff did not know that court authorization for sale was required, and plaintiff did not tell the defendants that he was the executor of his mother's estate.

The plaintiff and defendant Covert orally agreed to the sale of numerous items for a price of $5,350, and defendant Covert made out a check for that amount payable to the plaintiff individually, and delivered the check to the plaintiff. Defendants Covert and Drew then packed and removed the antiques and took them to Omaha, Nebraska.

The next day the attorney for the estate of Lelah Coe telephoned the defendant Covert and informed him that the plaintiff did not have any authority to sell the estate items. He also informed Covert that

Covert's check had not been cashed, requested Covert to return the antiques, and offered to compensate the defendants for their expenses. Covert refused to return the property.

On the next day, May 21, 1981, the plaintiff filed this action in the District Court for Douglas County, Nebraska, seeking to recover the property from the defendants and to enjoin them from selling or disposing of it. The petition also alleged that the defendants had taken various additional items which were not a part of the oral agreement, without the consent of the plaintiff. A temporary restraining order was entered and extended indefinitely after a hearing on May 27, 1981.

Answers to plaintiff's petition were filed by the defendants. Thereafter, interrogatories were filed and answered and depositions of the defendants were taken.

The plaintiff filed a motion for summary judgment, and the defendant Drew also filed a motion for summary judgment on the ground that he merely accompanied Covert on the trip to South Dakota and that he had no interest in either the estate property or the check. The defendant Covert filed a motion to dismiss plaintiff's petition and dissolve the temporary injunction.

On the basis of the pleadings, affidavits, interrogatories, depositions, and the South Dakota statutes, the District Court sustained defendant Drew's motion for summary judgment and dismissed plaintiff's petition as to him. The court overruled defendant Covert's motion to dismiss and sustained plaintiff's motion for summary judgment.

The District Court found (1) that at the time of the oral agreement of sale between plaintiff and defendant Covert, plaintiff, as executor, did not have an order authorizing the sale of the property, said order being required by South Dakota law; (2) that as a matter of law such a sale is null and void in South Dakota, and such a finding is not against the public

policy of Nebraska; and (3) that as a matter of law where an executor's sale is null and void by reason of lack of required court authorization, the defenses of estoppel, waiver, or clean hands are not applicable.

The District Court ordered that the oral contract of sale between plaintiff and defendant Covert, made on May 19, 1981, be declared void and of no legal effect; ordered that defendant Covert be permanently enjoined from selling or transferring any of the property, and directed him to return all of said property to the plaintiff; and upon return of the property, the plaintiff was directed to return the $5,350 check to Covert.

The District Court also ordered that the issues raised in plaintiff's petition with respect to additional property allegedly taken by Covert but not included in the sale be retained for trial. Covert has appealed.

There is no dispute that this case is governed by the law of South Dakota. The record establishes that plaintiff was the duly qualified executor of the estate of a South Dakota decedent, which estate was in the process of probate, and the property involved here was property of the estate. No authorization or order of the probate court to sell the property was sought or obtained.

S.D. Codified Laws Ann. § 30-22-7 (Rev. 1976) provides: "No sale of any property of an estate of a decedent is valid unless made under order of the circuit court, except as otherwise provided. All sales must be reported under oath and confirmed by the circuit court, before the title to the property passes, except as otherwise provided."

Other sections of the South Dakota statutes require that to obtain court authorization, the executor must file a verified petition showing the sale to be necessary or for the best interests of the estate, and require a hearing, after which the court may issue an order authorizing the sale of all or part of the

estate property if it appears to the court that the sale is necessary or in the best interests of the estate. See S.D. Codified Laws Ann. §§ 30-22-8 et seq. (Rev. 1976).

One exception to the requirement of court authorization is that an executor may sell any property of the estate without a court order if the authority to sell is given in the will of the decedent. There is no such sale authority in the will involved in this case.

The South Dakota Supreme Court has held that the statute providing that no sale of any property of an estate of a decedent is valid unless made under order of the court and confirmed by the court applies to both personalty and realty, and that the sale is of no effect and no title passes unless the sale is confirmed. *Shearn v. Fenton*, 74 S.D. 355, 52 N.W.2d 830 (1952).

The purpose of court approval required by the statute is to protect the estate assets which are in the care and custody of the South Dakota probate court for the benefit of creditors, state and federal taxes, costs of administration, and the estate's beneficiaries. The executor must account to the probate court for the decedent's property, and court supervision of estate sales is necessary to maintain the integrity of the probate proceedings.

The defendant does not seriously dispute that the sale of property by an executor without court authority is ordinarily invalid. Instead, he argues that the plaintiff in this case should be estopped from asserting the invalidity of the sale because of his own conduct. The argument is that he made the sale as an individual and since his conduct estopped him from denying the validity of the sale individually, he may also be estopped as an executor because he is the sole beneficiary under the will.

In the present case the sale was made and the present suit was filed before the time for filing claims in the decedent's estate had expired. Neither is there evidence in the record as to the nature

and extent of decedent's property, nor of any liens, taxes, or costs of administration. The property sold was estate property and the plaintiff had no legal authority to sell it or deal with it as an individual, but only as an executor.

It is generally held that the acts of an executor or administrator in his individual capacity cannot operate as an estoppel against him in his representative capacity. See, 28 Am. Jur. 2d *Estoppel and Waiver* § 121 (1966); 33 C.J.S. *Executors and Administrators* § 150 (1942); *State ex rel. Sorensen v. Citizens State Bank*, 126 Neb. 756, 254 N.W. 402 (1934). We find no peculiar or special equities in the present case which call for a departure from the general rule. The District Court correctly found that the defense of estoppel was not applicable.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.