Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/05/2018 08:13 AM CDT

- 523 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

Richard K. Jordan, appellant, v. LSF8 Master
Participation Trust and Kelly R. Jordan, now
known as Kelly R. Fairchild, appellees.

___ N.W.2d ___

Filed July 13, 2018.   No. S-17-995.

1. **Issue Preclusion: Appeal and Error.** The applicability of issue preclusion is a question of law on which an appellate court reaches a conclusion independent of the court below.
2. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
3. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.
4. **Motions for New Trial: Time: Appeal and Error.** A motion for new trial following the entry of summary judgment is not a proper motion and does not terminate the 30-day period to file a notice of appeal under Neb. Rev. Stat. § 25-1912 (Reissue 2016).
5. **Pleadings: Judgments: Time: Appeal and Error.** A timely motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Reissue 2016) terminates the 30-day period to file a notice of appeal under Neb. Rev. Stat. § 25-1912 (Reissue 2016).
6. **Pleadings: Judgments.** A postjudgment motion must be reviewed based on the relief sought by the motion, not on its title.
7. **Trial: Parties.** The right to consolidate is dependent upon application by the defendant.
8. **Trial: Courts.** The trial court has the inherent power to consolidate for purposes of trial in order to expedite the reception of evidence and eliminate the multiplicity of hearings and trials.

- 524 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

9. **Statutes.** A statute should not be construed to restrict or remove a common-law right unless the plain words of the statute compel it.

10. **Homesteads: Issue Preclusion: Estoppel.** Issue preclusion and judicial estoppel may supply the statutory requirements set forth in Neb. Rev. Stat. § 40-104 (Reissue 2016) for encumbrances of a homestead.

11. **Evidence: Words and Phrases.** A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.

12. **Rules of Evidence.** Statements in trial briefs should be treated under the evidence rules the same as unsworn statements made anywhere else.

13. ____. There is no per se bar against the admission of briefs from prior proceedings.

14. **Rules of Evidence: Hearsay: Appeal and Error.** A court's decision to admit a statement as a nonhearsay statement against interest under Neb. Rev. Stat. § 27-801(4)(b) (Reissue 2016) is reviewed for an abuse of discretion.

15. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

16. **Issue Preclusion: Summary Judgment.** Issue preclusion is a question of law that may properly be raised on a motion for summary judgment.

17. **Issue Preclusion: Judgments: Final Orders: Parties.** Under issue preclusion, when an issue of ultimate fact has been determined by a final judgment, that issue cannot again be litigated between the same parties in a future lawsuit.

18. **Issue Preclusion.** Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

19. **Issue Preclusion: Judgments.** The first step in determining whether issue preclusion applies is to decide whether there is an identity of issues in the successive proceedings.

20. **Issue Preclusion: Proof.** The party relying on issue preclusion in a present proceeding has the burden to show that a particular issue was involved and necessarily determined in a prior proceeding.

21. **Actions: Judgments: Verdicts.** In determining whether issues in a prior and subsequent action are identical, the former verdict and judgment are conclusive only as to the facts directly in issue and do not extend to

- 525 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

facts which may be in controversy but which rest on evidence and are merely collateral.

22. **Issue Preclusion: Judgments: Evidence: Proof.** The issue preclusion test as to whether the former judgment is a bar generally is whether the same evidence will sustain both the present and the former action; where different proof is required, a judgment in the former action is no bar to the subsequent action.

23. **Issue Preclusion: Words and Phrases.** For purposes of applying the doctrine of issue preclusion, an issue is considered to be the identical issue in the absence of a significant factual change.

24. **Issue Preclusion: Parties: Proof.** Issue preclusion does not apply to a party who had a higher standard of proof in the first action than the standard of proof in a later proceeding.

25. **Issue Preclusion: Due Process.** Due process requires that the rule of issue preclusion operate only against persons who have had their day in court either as a party to a prior suit or as a privy; and, where not so, that at least the presently asserted interest was adequately represented in the prior trial.

26. **Issue Preclusion.** A party cannot circumvent the doctrine of issue preclusion simply by cherrypicking which facts and theories to raise at the prior proceeding and which to reserve for later.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed as modified.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

John D. Stalnaker and Robert J. Becker, of Stalnaker, Becker & Buresh, P.C., for appellee LSF8 Master Participation Trust.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ., and SCHREINER, District Judge.

HEAVICAN, C.J.
## I. NATURE OF CASE
The plaintiff appeals from an order of summary judgment in a quiet title action seeking to invalidate a mortgage lien on the ground that it was an improper encumbrance of the homestead under Neb. Rev. Stat. § 40-104 (Reissue 2016), because his

- 526 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

signatures on the deed of trust were forged. In a prior order of dissolution and property division, the court allocated to the plaintiff the marital home and its accompanying refinancing mortgage debt, after concluding that it was "unlikely [the plaintiff] was unfamiliar" with the debt. The plaintiff's attorney asserted in trial briefs to the dissolution court that even if the signatures on pertinent documents were forgeries, the "propriety" of the mortgage lien would not be in question.

The court in the quiet title action determined as a matter of law that the plaintiff was barred from challenging the validity of the mortgage lien by the doctrines of issue preclusion and judicial estoppel. The plaintiff argues on appeal that such equitable doctrines do not apply to encumbrances that are invalid under § 40-104 and that in any event, the court erred in concluding there was no genuine issue that all the elements of those doctrines were satisfied. The plaintiff also asserts that the trial court erred in admitting into evidence the trial briefs from the dissolution proceedings and in failing to join the action with another quiet title action he had filed against his ex-wife regarding the same property. We affirm.

## II. BACKGROUND

Richard K. Jordan and Kelly R. Jordan, now Kelly R. Fairchild, were married in 1985. They purchased real property in 1995, which included land and a new manufactured home where they lived during their marriage (the real estate). The parties do not dispute that this was their homestead as defined by Nebraska statutes, at least up to the $60,000 value and land limitations described in Neb. Rev. Stat. § 40-101 (Reissue 2016).

Richard and Kelly purchased the manufactured home for approximately $100,000 by way of an installment contract and security agreement, giving the lender a security interest in the home until all payments had been made. Richard and Kelly made payments on the installment contract until Kelly entered into a fixed-rate refinancing loan with Ameriquest Mortgage Company in the amount of $68,250.

- 527 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

The proceeds of that loan were used to satisfy the outstanding debt of Richard and Kelly on the installment contract in the amount of $50,875.55. The remainder of the loan was used to pay off other debts owed by Richard and Kelly.

The refinancing mortgage was secured with a deed of trust dated February 11, 2004, in favor of Ameriquest Mortgage Company. The deed was recorded in the office of the register of deeds on April 26.

Kelly was designated in the deed as the only borrower, and she was the only party to initial the various pages and sign the original signature page. Attached to the deed of trust was an acknowledgment signed by Kelly before a notary public in Council Bluffs, Pottawatomie County, Iowa, on February 11, 2004.

But both Richard's and Kelly's apparent signatures appear on another signature page attached to Kelly's acknowledgment. In fact, Richard's apparent signature appears twice. Next to one of Richard's apparent signatures is the notation, "original signature," which notation appears to be made by the registrar of deeds.

The following page of the trust deed contains a notarized statement by Rhonda Nichols, a notary in Buffalo County, that Richard had acknowledged the trust deed instrument before her in Buffalo County on February 29, 2004. Nichols signed and stamped the acknowledgment again on March 19.

On the first page of the deed of trust is a registrar's note stating, "Borrower does not show Richard Jordan but a signature [illegible] notarized/requested to record as presented." The deed of trust was assigned in 2014 to LSF8 Master Participation Trust (LSF8).

## 1. DISSOLUTION

The marriage of Richard and Kelly was dissolved in 2013. A trial had been held to determine the division of property and debts. In its dissolution decree, the court found that Richard and Kelly had more debts than assets, in part due to income

- 528 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

tax liability for unfiled tax returns and a judgment against them in a lawsuit.

The decree set forth that the real estate was encumbered by a mortgage deed of trust in the amount of $65,300. The court recognized that only Kelly's name was on the debt and mortgage instruments and that a quitclaim deed, dated February 29, 2004, "purportedly from Richard to Kelly . . . allowed Kelly to obtain this apparent refinancing." The court acknowledged that Richard denied that this quitclaim deed contained his real signature.

The court did not specifically discuss in the decree whether Richard denied that his purported signatures on the debt and mortgage instruments were his. Instead, the court concluded: "The debt however was incurred in February 2004, was recorded in 2004, and it's highly unlikely that Richard was unfamiliar with it."

The court found that the mortgage lien, a judgment lien, and an Internal Revenue Service lien consumed all the equity in the real estate. But the court awarded the real estate to Richard because vehicles and equipment previously used in Richard's trucking business were stored on the land; therefore, Richard would have more use for the property. The court stated that awarding the real estate to Richard "is more realistic as long as it's accompanied by all associated debt."

The court thus awarded the real estate to Richard, explicitly subject to the mortgage lien, the judgment lien, and any tax lien present or future. The court also quieted title of the real estate in Richard and terminated any right, title, or interest Kelly might have in the real estate. Ultimately, the court's allocation of debt resulted in a mere $1,477.84 difference between the parties, and the court found that an equalizing judgment would not be appropriate.

## 2. Quiet Title Action

After the time for appealing the dissolution decree had passed without an appeal by either party, Richard brought, in the same court, a quiet title action against LSF8 and Kelly.

- 529 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

Richard described the action as one in which he sought "to quiet title to real estate . . . by setting aside a deed of trust." Specifically, Richard asked the court to quiet title in his name without any encumbrances by LSF8.

Richard alleged that Kelly was the former owner of the property. At the same time, he alleged that his apparent signature on a quitclaim deed filed April 26, 2004, and purporting to transfer title from Richard to Kelly was forged.

Regarding LSF8, Richard alleged that his apparent signature on a deed of trust filed April 26, 2004, was a forgery. Richard recognized that this signature was "allegedly notarized by [the notary] on February 29, 2004." He did not specifically allege in his complaint that he had not, in fact, acknowledged the trust deed in front of the notary on February 29. Richard did not make any reference in his complaint to the Nebraska homestead statutes, Neb. Rev. Stat. §§ 40-101 to 40-116 (Reissue 2016).

LSF8 denied Richard's allegation that his signature was a forgery. LSF8 alleged affirmative defenses of waiver, estoppel, unclean hands, laches, unjust enrichment, acquiescence and acceptance, and ratification.

LSF8 brought a counterclaim for declaratory judgment that the LSF8 deed of trust constitutes a valid, first, and prior lien against the property. In the alternative, LSF8 counterclaimed for equitable subrogation or an equitable lien, giving it priority over any other encumbrance on the property.

### (a) No Joinder

The record indicates that there was a separate, pending quiet title action by Richard against Kelly. In that action, Richard asserted that Kelly was claiming title to the property, adversely to Richard, by virtue of an alleged quiet title deed containing Richard's forged signature. However, the record does not contain the complaint in the other action.

At a status hearing for both actions, the court stated that it was considering whether to try the two actions together, but noted concern as to whether the two actions involved

- 530 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

different standards of proof. In its order on status hearing, the court acknowledged that the parties advised that both actions involved the same real estate and common parties and could be tried together. But the record does not contain a motion by either party to join the actions, or an order joining the actions.

### (b) Motion for Summary Judgment

On May 9, 2017, LSF8 moved for summary judgment against Richard in his quiet title action and in favor of LSF8 in its counterclaim that its deed of trust is a first and priority encumbrance upon the real estate or, in the alternative, that LSF8 was entitled to a similar equitable lien on the real estate.

At the time of the summary judgment hearing, it was clear that Richard was claiming his forged signature and lack of proper acknowledgments rendered the deed of trust void under the homestead statutes. LSF8 responded that the court need not determine the disputed factual questions of whether the deed of trust contained valid signatures and acknowledgments because the undisputed facts demonstrated that under several equitable doctrines, Richard was estopped from asserting such invalidity.

### (i) Trial Briefs From Dissolution Proceedings

At the summary judgment hearing, LSF8 offered into evidence certified copies of Richard's trial brief and rebuttal brief filed in the dissolution proceedings. The attorney who wrote the briefs was the same attorney representing Richard in the quiet title action.

Richard's attorney objected on the grounds of foundation, relevancy, and hearsay. The foundation objection went to the fact that there were handwritten, extraneous markings on the exhibits. The court allowed the exhibits into evidence, with the caveat that the court would ignore any extraneous markings.

- 531 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

The court found the statements in the briefs to be nonhearsay under Neb. Rev. Stat. § 27-801(4)(b) (Reissue 2016) and relevant to LSF8's arguments of issue preclusion, collateral estoppel, and ratification.

The trial brief reflects that in the proposed equitable division of marital debt, Richard's counsel suggested allocating to Richard the real estate, including the mortgage thereon in the amount of $65,300. The mortgage lien that corresponded to the trust deed was also listed in a detailed property division analysis attached to the brief, and it supported Richard's argument that Kelly would owe him an equalization payment.

Under the heading "Status of the Mortgage," Richard's counsel wrote:

> This author is somewhat confused as to why the validity of the current mortgage is an issue unless the evidence as to the validity of [Richard's] signature on the Quit Claim Deed is in doubt. Even if [Richard's] signature is a forgery it would not affect the propriety of the lien.

In the rebuttal trial brief, Richard's counsel argued that awarding the real estate to Kelly was "unrealistic" because liens against the real estate, including the mortgage, consumed its entire equity.

### (ii) Richard's Deposition

In support of its motion for summary judgment, LSF8 also entered into evidence Richard's deposition. During the deposition, Richard was not specifically asked whether he had signed the trust deed or acknowledged it before a notary. Richard indicated, however, that he was not in Buffalo County on February 29, 2004, when he purportedly acknowledged the trust deed before Nichols.

### (iii) Kelly's Affidavit

Lastly, LSF8 entered into evidence Kelly's affidavit outlining the undisputed factual background regarding the original financing for the manufactured home. Attached to the affidavit

- 532 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

was the fixed rate note memorializing the refinancing loan on February 11, 2004. That note contained only Kelly's signature and initials.

### (c) Motion for Continuance
### Denied

Richard asked for a continuance of the summary judgment hearing in order to take a second deposition of Kelly. Richard's counsel explained that Kelly had testified in her deposition for the companion quiet title action that she had never appeared before a notary public in Pottawatomie County, Iowa. LSF8 was not present during that deposition because it was not a party, and it refused to waive its right to be present. Therefore, Richard asked to depose Kelly again, with LSF8 present, in an effort to obtain the same testimony. After observing that the issue of the validity of Kelly's acknowledgment of the trust deed had not been raised by the pleadings, the court denied the motion but noted that it would postpone pretrial in the event summary judgment were not granted.

### (d) Order Granting
### Summary Judgment

On July 7, 2017, the court granted summary judgment against Richard and in favor of LSF8 on its counterclaim, finding that LSF8's deed of trust was a valid first and prior lien on the real estate as "against . . . all other claims." The court found that Richard's quiet title action was barred by issue preclusion and judicial estoppel. The court also discussed equitable estoppel and ratification, but ultimately appeared not to base its decision on those doctrines.

### (e) Motion for New Trial

On July 14, 2017, Richard filed a "Motion for New Trial," challenging the court's order of summary judgment. In the motion, Richard asked for a new trial on the grounds of surprise, newly discovered evidence, errors of law, and insufficient

- 533 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

evidence. Richard requested in the alternative that the court amend or alter its order of summary judgment because the deed of trust was neither executed nor acknowledged by Richard or Kelly and was therefore void and unenforceable under § 40-104.

### (i) Attorney Affidavit

In a supporting affidavit attached to the motion for new trial and entered into evidence at the hearing on the motion, Richard's counsel averred Kelly testified in a deposition that the signature and initials of the deed of trust were hers, but that the deed was "executed and signed in Kearney, Nebraska, on February 11, 2004," and that she was not "physically in Council Bluffs, Iowa on February 11, 2004." Counsel averred that he intended to ask the court to submit the deposition as additional evidence for purposes of LSF8's summary judgment motion, but when staff requested a hearing date for the motion, they were informed that the court had already signed the order ruling on summary judgment.

### (ii) Kelly's Deposition

Kelly's deposition was entered into evidence for purposes of the motion for new trial. Kelly testified in her deposition that in 2004, she and Richard had agreed to obtain a refinancing loan to pay off their installment contract and other debts. They settled on Ameriquest Mortgage Company, which sent the paperwork through the mail. Kelly signed some of the paperwork in Kearney.

At a later date, Richard and Kelly went to "Rhonda's house," where Richard signed a quitclaim deed and Richard and Kelly signed signature pages. Kelly had no recollection of seeing her acknowledgment page, which was attached to the deed of trust. Further, Kelly had no recollection of appearing before a notary in Iowa. Attached to the deposition is a quitclaim deed conveying the homestead from Richard to Kelly, purportedly signed by Richard and notarized by Nichols on February 29, 2004.

*(iii) Order Denying Motion for New Trial*

The court denied Richard's motion for new trial on August 21, 2017. The court explained that the alleged newly discovered evidence did not affect its determination that Richard's action attempting to invalidate the deed of trust was barred by issue preclusion and judicial estoppel.

Richard filed his notice of appeal on September 20, 2017.

## III. ASSIGNMENTS OF ERROR

Richard assigns, summarized and restated, that the district court erred in (1) failing to try the current quiet title action together with his quiet title action against Kelly, (2) entering into evidence his trial briefs from the dissolution action, (3) granting summary judgment in favor of LSF8, and (4) denying his motion for new trial regarding the same.

## IV. STANDARD OF REVIEW

[1] The applicability of issue preclusion is a question of law on which an appellate court reaches a conclusion independent of the court below.[1]

[2,3] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[3]

## V. ANALYSIS

Richard argues that the district court should have joined this action with a companion case against Kelly, that the court

---

[1] See *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016).

[2] *Id.*

[3] *Id.*

- 535 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

erred in considering trial briefs from the dissolution action, and that summary judgment was improper because there was a genuine issue of material fact regarding whether the deed of trust was "executed and acknowledged by both spouses," as required by § 40-104.

## 1. Motion for New Trial

[4] We first dispose of a preliminary jurisdictional matter. Although neither party has alleged a jurisdictional defect, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] The question of our appellate jurisdiction arises in this case because Richard purported to file, following entry of summary judgment, a motion for new trial as a terminating motion for the time for taking an appeal. A motion for new trial following the entry of summary judgment is not a proper motion and does not terminate the 30-day period to file a notice of appeal under Neb. Rev. Stat. § 25-1912 (Reissue 2016).[5]

[5,6] A timely motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Reissue 2016), however, also terminates the 30-day period to file a notice of appeal under § 25-1912.[6] And a postjudgment motion must be reviewed based on the relief sought by the motion, not on its title.[7] Because Richard's motion presented newly discovered evidence[8] and sought a substantive alteration of the judgment based on claimed errors of law,[9] his motion is properly considered a motion to alter or amend the judgment. Richard timely

---

[4] *First Tennessee Bank Nat. Assn. v. Newham*, 290 Neb. 273, 859 N.W.2d 569 (2015).

[5] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[6] See § 25-1912(3)(b).

[7] See, *Clarke v. First Nat. Bank of Omaha, supra* note 5; *Woodhouse Ford v. Laflan*, 268 Neb. 722, 687 N.W.2d 672 (2004).

[8] *Woodhouse Ford v. Laflan, supra* note 7.

[9] *Clarke v. First Nat. Bank of Omaha, supra* note 5.

- 536 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

filed his notice of appeal after the terminating motion was overruled. Thus, we have jurisdiction over this appeal.

### 2. Failure to Join Actions

Turning to the merits, we begin by concluding that the district court did not abuse its discretion in failing to join, sua sponte, this action with a companion quiet title action that Richard brought against Kelly. An order allowing or denying consolidation will be affirmed absent an abuse of discretion.[10]

Richard argues that the court failed to "follow its own order" to consolidate the quiet title action against LSF8 with the other action against Kelly.[11] Richard further argues that he was prejudiced because had the court consolidated the actions, the court would have had the evidence in Kelly's deposition that the trust deed was not acknowledged by either party before a notary public.

[7] The right of consolidation of two or more actions pending in the same court is described in Neb. Rev. Stat. § 25-703 (Reissue 2016) as a motion that may be brought by the defendant. We have said that the right to consolidate is thus dependent upon application by the defendant.[12] Here, neither Kelly nor LSF8 asked for consolidation.

[8] The trial court also has the inherent power to consolidate for purposes of trial in order to expedite the reception of evidence and eliminate the multiplicity of hearings and trials.[13] But while there was some discussion of the possibility of future joinder, the court never issued an order to join the cases.

Furthermore, Richard was not prejudiced by the failure to join the actions. Kelly's deposition testimony was irrelevant

---

[10] See, *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005); *Butler v. Secrist*, 84 Neb. 85, 120 N.W. 1109 (1909).

[11] Brief for appellant at 12.

[12] See *Bruno v. Kramer*, 176 Neb. 597, 126 N.W.2d 885 (1964).

[13] See *id.*

- 537 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

to the equitable defenses upon which the court's order of summary judgment was based. The court's order depended not upon whether the deed of trust was properly signed and acknowledged, but upon the court's conclusion that Richard was estopped from relying on any improper signature or acknowledgment in his attempt to invalidate LSF8's lien.

Finding no error in the failure to join this action with the companion quiet title action filed only against Kelly, we now examine the court's conclusion that issue preclusion and judicial estoppel barred Richard's claim.

### 3. Applicability of Estoppel to Homestead Claims

Richard argues as a threshold matter that issue preclusion and judicial estoppel are inapplicable to encumbrances that fail to satisfy the requirements of the homestead statutes. We find no merit to this argument.

Richard relies on case law wherein we have held that "estoppel" will not supply the statutory requirements set forth in § 40-104 for encumbrances of a homestead.[14] Section 40-104 provides:

> Except as otherwise provided in this section, the homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both spouses. . . . Any claim of invalidity of a deed of conveyance of homestead property because of failure to comply with the provisions of this section must be asserted within the time provided in sections 76-288 to 76-298.
>
> A purchase agreement or contract for sale of homestead property signed by both spouses does not require acknowledgment to be enforceable.

---

[14] See, *Christensen v. Arant*, 218 Neb. 625, 358 N.W.2d 200 (1984); *O'Neill Production Credit Assn. v. Mitchell*, 209 Neb. 206, 307 N.W.2d 115 (1981); *McIntosh v. Borchers*, 201 Neb. 35, 266 N.W.2d 200 (1978); *Bacon v. Western Securities Co.*, 125 Neb. 812, 252 N.W. 317 (1934).

- 538 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

We generically refer to "estoppel" in the cases Richard relies on. However, an examination of the facts of those cases makes clear that we were referring to equitable estoppel.[15] Equitable estoppel or "'"estoppel by misrepresentation"'"[16] is a bar frequently applied to transactions in which it is found that it would be unconscionable to permit a person to maintain a position inconsistent with one in which he or she has acquiesced or of which he or she has accepted any benefit.[17] The cases under the homestead statutes that Richard presents are consistent with other cases where we have refused under the circumstances to apply equitable estoppel to agreements that are contrary to public policy, fail to satisfy statutory requirements, or are otherwise invalid for reasons not implicating a tribunal's jurisdiction.[18]

In contrast, we have held with little inconsistency that judicial estoppel and issue preclusion can apply to bar similar claims of invalidity.[19] Equitable estoppel is meaningfully

---

[15] See *id.*

[16] *Wenzel v. Wenzel*, 174 Neb. 61, 65, 115 N.W.2d 788, 792 (1962).

[17] See, *In re Estate of Fuchs*, 297 Neb. 667, 900 N.W.2d 896 (2017); *Securities Acceptance Corp. v. Brown*, 171 Neb. 406, 106 N.W.2d 456 (1960), *clarified on denial of rehearing* 171 Neb. 701, 107 N.W.2d 540.

[18] See, *State on behalf of Kayla T. v. Risinger*, 273 Neb. 694, 731 N.W.2d 892 (2007); *Stewart v. Bennett*, 273 Neb. 17, 727 N.W.2d 424 (2007); *Coe v. Covert*, 214 Neb. 140, 332 N.W.2d 699 (1983); *Turner v. City of North Platte*, 203 Neb. 706, 279 N.W.2d 868 (1979); *Vap v. City of McCook*, 178 Neb. 844, 136 N.W.2d 220 (1965). But see, e.g., *James v. Rainchief Constr. Co.*, 197 Neb. 818, 251 N.W.2d 367 (1977); *Zweygardt v. Farmers Mut. Ins. Co.*, 195 Neb. 811, 241 N.W.2d 323 (1976); *Murphy Finance Co. v. Fredericks*, 177 Neb. 1, 127 N.W.2d 924 (1964); *Koch v. Koch*, 175 Neb. 737, 123 N.W.2d 642 (1963); *Securities Acceptance Corp. v. Brown, supra* note 17.

[19] See, *TFF, Inc. v. SID No. 59,* 280 Neb. 767, 790 N.W.2d 427 (2010); *Stewart v. Bennett, supra* note 18; *Lammers Land & Cattle Co. v. Hans*, 213 Neb. 243, 328 N.W.2d 759 (1983); *State v. Solomon*, 16 Neb. App. 368, 744 N.W.2d 475 (2008). But see *City of Omaha v. Morello*, 257 Neb. 869, 602 N.W.2d 1 (1999).

- 539 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

different from the doctrines of judicial estoppel and issue preclusion. Issue preclusion and judicial estoppel concern not just the equities between individuals which warrant equitable estoppel,[20] but also the integrity of the judicial process.[21] Judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.[22] Issue preclusion promotes judicial economy by preventing needless litigation.[23]

[9,10] For purposes of the application of judicial estoppel or issue preclusion, there is no reason to treat claims of invalidity under § 40-104 differently from other claims of invalidity that we have found subject to judicial estoppel or issue preclusion. The homestead statutes do not address judicial estoppel or issue preclusion, which have long been part of our common law.[24] A statute should not be construed to restrict or remove a common-law right unless the plain words of the statute compel it.[25] Despite the importance of the homestead protections, they do not require greater emphasis than the sound judicial policy underlying judicial estoppel and issue preclusion.[26] We hold that issue preclusion and judicial

---

[20] See *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016).

[21] See, e.g., *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 291 Neb. 278, 865 N.W.2d 105 (2015); *Jardine v. McVey*, 276 Neb. 1023, 759 N.W.2d 690 (2009); *State v. Bruckner*, 287 Neb. 280, 842 N.W.2d 597 (2014); 50 C.J.S. *Judgments* § 1031 (2009).

[22] *Hike v. State*, 297 Neb. 212, 899 N.W.2d 614 (2017).

[23] *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015).

[24] See, e.g., *State v. Marrs*, 295 Neb. 399, 888 N.W.2d 721 (2016); *Finnern v. Bruner*, 167 Neb. 281, 92 N.W.2d 785 (1958); *Chamberlain v. Woolsey*, 66 Neb. 141, 92 N.W. 181 (1902); 31 C.J.S. *Estoppel and Waiver* § 186 (2008).

[25] See *In re Trust of Shire*, 299 Neb. 25, 907 N.W.2d 263 (2018).

[26] Compare, e.g., *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

- 540 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

estoppel may supply the statutory requirements set forth in
§ 40-104 for encumbrances of a homestead.

### 4. Admission of Trial Briefs

Before deciding whether the district court was correct in
finding no genuine dispute that the elements of the estoppel
doctrines at issue were satisfied, we address whether the dis-
trict court erred in admitting the trial briefs into evidence at the
summary judgment hearing. We conclude that it did not.

Richard objected below on the ground of hearsay. The
district court found the statements to be nonhearsay under
§ 27-801(4)(b). Section 27-801(4)(b) provides in relevant part
that a statement is not hearsay if it

> is offered against a party and is (i) his own statement, in
> either his individual or a representative capacity, or (ii)
> a statement of which he has manifested his adoption or
> belief in its truth, or (iii) a statement by a person autho-
> rized by him to make a statement concerning the subject,
> or (iv) a statement by his agent or servant within the
> scope of his agency or employment . . . .

Richard does not argue on appeal that the attorney's state-
ments in the trial briefs of the prior action are hearsay.
In other words, Richard does not argue that LSF8 offered
the briefs into evidence to prove the truth of the matters
asserted therein.[27] Richard does not explain how his attorney's
statements in the trial briefs fail to satisfy the elements of
§ 27-801(4)(b). Richard also does not argue on appeal that the
statements were irrelevant.

[11] Instead, Richard argues that statements in trial briefs
cannot be considered judicial admissions. A judicial admis-
sion is a formal act done in the course of judicial proceed-
ings which is a substitute for evidence, thereby waiving or
dispensing with the production of evidence by conceding for
the purpose of litigation that the proposition of fact alleged

---

[27] See § 27-801(3).

by the opponent is true.[28] Although the district court cited to a case in which the court allowed statements by an attorney into evidence as judicial admissions, the district court explained that it was not allowing Richard's trial briefs into evidence as judicial admissions. Rather, the case was cited merely as support for the district court's conclusion that briefs from a prior action may be admissible against a party as nonhearsay statements. Thus, Richard's argument regarding whether statements in briefs can be considered judicial admissions is not relevant to the question before us.

[12,13] We hold that statements in trial briefs from prior proceedings should be treated under the evidence rules the same as unsworn statements made anywhere else. As the district court noted, other courts have found trial briefs from other actions to be admissible as evidence or capable of being judicially noticed.[29] There is no per se bar against the admission of briefs from prior proceedings.[30]

[14,15] A court's decision to admit statements as a nonhearsay statement against interest under § 27-801(4)(b) is reviewed for abuse of discretion.[31] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[32] The district court did not abuse its discretion in admitting Richard's trial briefs.

We turn now to the court's decision that issue preclusion barred Richard's claim that the deed of trust and LSF8's lien were invalid.

---

[28] *Reicheneker v. Reicheneker*, 264 Neb. 682, 651 N.W.2d 224 (2002).

[29] See, *Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1986); *Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 F. Supp. 2d 1355 (2000). See, also, *F.D.I.C. v. Houde*, 90 F.3d 600 (1st Cir. 1996).

[30] *Thyssen Elevator Co. v. Drayton-Bryan Co., supra* note 29.

[31] See, *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986); *Gerken v. Hy-Vee, Inc.*, 11 Neb. App. 778, 660 N.W.2d 893 (2003).

[32] *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

- 542 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

### 5. Issue Preclusion

[16,17] Issue preclusion is a question of law that may properly be raised on a motion for summary judgment.[33] Unlike in judicial estoppel where bad faith must be demonstrated,[34] a party's state of mind is irrelevant to issue preclusion. Under issue preclusion, when an issue of ultimate fact has been determined by a final judgment, that issue cannot again be litigated between the same parties in a future lawsuit.[35]

[18] Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.[36]

The parties do not dispute that the dissolution decree was a prior final judgment on the merits, that Richard was a party to the dissolution proceedings, and that Richard is the party against whom the doctrine was applied. The question is whether the issue presented by Richard in his quiet title action against LSF8 was identical to an issue decided in the dissolution proceedings and, if so, whether there was an opportunity to fully and fairly litigate it.

[19,20] The first step in determining whether issue preclusion applies is to decide whether there is an identity of issues in the successive proceedings.[37] The party relying on issue preclusion in a present proceeding has the burden to show that

---

[33] See *Cunningham v. Prime Mover, Inc.*, 252 Neb. 899, 567 N.W.2d 178 (1997).

[34] See, *Hike v. State, supra* note 22; *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co., supra* note 21.

[35] *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994).

[36] *In re Interest of Noah B. et al., supra* note 26.

[37] *Stewart v. Hechtman*, 254 Neb. 992, 581 N.W.2d 416 (1998).

- 543 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

a particular issue was involved and necessarily determined in a prior proceeding.[38]

[21,22] In determining whether issues in a prior and subsequent action are identical, the former verdict and judgment are conclusive only as to the facts directly in issue and do not extend to facts which may be in controversy but which rest on evidence and are merely collateral.[39] The test as to whether the former judgment is a bar is generally whether the same evidence will sustain both the present and the former action; where different proof is required, a judgment in the former action is no bar to the subsequent action.[40]

[23,24] Thus, for purposes of applying the doctrine of issue preclusion, an issue is considered to be the identical issue in the absence of a significant factual change.[41] And issue preclusion does not apply to a party who had a higher standard of proof in the first action than the standard of proof in a later proceeding.[42]

Apposite to the case at bar is *Woodward v. Andersen.*[43] *Woodward* was an action for an accounting and breach of fiduciary duties in which we held that issue preclusion barred certain claims based on issues determined in a prior dissolution proceeding. We explained that as a necessary determination in the dissolution court's equitable distribution of the property, the court decided the value of a corporation that was marital property subject to distribution.[44] This determination, in turn, necessarily included any claim of the husband or the corporation at the time of the dissolution against the wife

---

[38] See *Stevenson v. Wright*, 273 Neb. 789, 733 N.W.2d 559 (2007).

[39] *Eicher v. Mid America Fin. Invest. Corp., supra* note 10.

[40] *Id.*

[41] See *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994).

[42] *deNourie & Yost Homes v. Frost*, 289 Neb. 136, 854 N.W.2d 298 (2014).

[43] *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001).

[44] See *id.*

- 544 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

with respect to the wife's alleged improper withdrawals from the corporation.[45]

As part of the factual background, we observed that the husband made claims in the dissolution proceeding that the wife was wrongfully withdrawing money.[46] Moreover, the parties entered into a settlement agreement that was made a part of the dissolution decree in which the parties agreed that the wife was not indebted to the corporation and that the corporation did not have any claims against the wife.[47]

We held in *Woodward* that the husband was foreclosed by issue preclusion from raising, either individually or on behalf of the corporation, a claim of excessive withdrawals during the time period before the dissolution.[48]

Richard argues that the validity of the lien now held by LSF8 was not at issue in the prior dissolution proceeding and that the dissolution decree did not expressly state that the lien was valid and enforceable against Richard. Therefore, he argues, issue preclusion does not apply. This argument lacks merit.

The validity and enforceability of the lien against Richard were directly and necessarily at issue in the dissolution proceeding when the court was deciding to whom the lien should be allocated. Not only was this fact reflected in the trial briefs, but the lien's validity was a necessary determination in the court's ultimate allocation of the lien to Richard as part of the equitable division of the marital debt.

The same proof is required to establish that a lien is invalid under § 40-104 in a dissolution proceeding as in a quiet title action. We apply the same preponderance of the evidence standard in both dissolution proceedings and quiet title

---

[45] See *id.*

[46] See *id.*

[47] See *id.*

[48] See *id.*

- 545 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

actions.[49] The facts upon which Richard challenges the validity of the lien have not changed since the dissolution proceedings. Therefore, we agree with the district court that the identical issue upon which Richard based his quiet title action was decided in the dissolution proceeding.

[25] We must last determine whether the district court was correct in finding that Richard had an opportunity to fully and fairly litigate the validity of the lien in the dissolution proceedings. This is essentially a due process analysis.[50] Due process requires that the rule of issue preclusion operate only against persons who have had their day in court either as a party to a prior suit or as a privy; and, where not so, that at least the presently asserted interest was adequately represented in the prior trial.[51]

[26] For this element to be satisfied, there is no requirement that the party actually took advantage of that opportunity to fully and fairly litigate the issue.[52] A party cannot circumvent the doctrine of issue preclusion by cherrypicking which facts and theories to raise at the prior proceeding and which to reserve for later.[53] Thus, in *Woodward*, we held that there was an opportunity to fully and fairly litigate the issue of improper withdrawals, despite the husband's failure to obtain full discovery in the prior dissolution proceedings.[54] We explained that it was the husband's choice to enter into a settlement

---

[49] See, *Caruso v. Parkos*, 262 Neb. 961, 637 N.W.2d 351 (2002); *Rush Creek Land & Live Stock Co. v. Chain*, 255 Neb. 347, 586 N.W.2d 284 (1998); *Goodman v. Goodman*, 180 Neb. 83, 141 N.W.2d 445 (1966). See, also, *Wetovick v. County of Nance*, 279 Neb. 773, 782 N.W.2d 298 (2010).

[50] 4 Christine P. Costanakos, Nebraska Practice, Juvenile Court Law and Practice § 12:8 (2017).

[51] *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990).

[52] See *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996).

[53] See *Basurto v. Imperial Irr. Dist.*, 211 Cal. App. 4th 866, 150 Cal. Rptr. 3d 145 (2012).

[54] See *Woodward v. Andersen, supra* note 43.

- 546 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
JORDAN v. LSF8 MASTER PARTICIPATION TRUST
Cite as 300 Neb. 523

agreement rather than move to compel or attempt to pursue additional discovery.[55]

While there is no evidence that Richard presented to the dissolution court the precise theory of invalidity under the homestead statutes that he has argued in this quiet title action, he had the opportunity to do so. Richard seems to suggest that he did not have the opportunity to fully and fairly litigate the validity of the lien because the lienholder at the time of the dissolution proceeding was not a party thereto. Specifically, Richard argues that if the lien had been found in the dissolution proceedings to be invalid, "[o]ne can be assured that LSF8 would claim that they were not a party in the dissolution case and therefore neither claim or issue preclusion would apply to them."[56] This conclusion is axiomatic since issue preclusion only applies against a party or person in privity with a party to the prior action. But this does not lead us to the conclusion that Richard lacked an opportunity in the dissolution proceeding to fully and fairly litigate the validity of the lien as against him.

We agree with the district court that Richard had the opportunity to fully and fairly litigate in the dissolution proceeding the question of the lien's validity under the homestead statutes.

In conclusion, the district court did not err in finding as a matter of law that Richard's attempt to invalidate LSF8's lien was barred by issue preclusion. We affirm the court's order of summary judgment in favor of LSF8 for this reason.

### 6. RATIFICATION AND JUDICIAL ESTOPPEL

Because we affirm the order of summary judgment on the grounds of issue preclusion, we need not reach the issue of whether the court was correct in ordering summary judgment for the alternative reason of judicial estoppel.

---

[55] See *id.*

[56] Brief for appellant at 18.

### 7. Motion to Alter or Amend

The district court did not err in denying Richard's motion to alter or amend, as Kelly's deposition testimony was irrelevant to issue preclusion.

### 8. Plain Error

As acknowledged by LSF8 at oral arguments, we note a point of plain error[57] in the wording of the district court's order. In granting summary judgment, the district court declared the deed of trust to be a "valid first and prior lien on the real estate as against . . . all other claims." The district court lacked the authority to declare the lien as first and prior against claims by persons or entities not parties to the present action.[58] We therefore modify the language of the order to state that the deed of trust is a valid first and prior lien on the real estate as against Richard and Kelly, the defendants in Richard's quiet title action.

### VI. CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court as modified.

Affirmed as modified.

---

[57] See *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018).

[58] See *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017).